[Civ. No. 2215.    Second Appellate District.—February 23, 1917.]

## FRANCES G. RODGERS, Respondent, v. PACIFIC COAST CASUALTY COMPANY (a Corporation), Appellant.

Insurance — Indemnity Against Damages from Accidental Injuries—Action upon Policy—Control of Litigation by Insurer—Recognition of Liability.—Where an insurance company, acting under the terms of ·a policy indemnifying the insured against loss and expense arising for damages accidentally suffered by reason of the operation of elevators in an apartment house, takes charge of and assumes exclusive control of an action brought against the insured for damages for injuries from such an accident, it recognizes a liability, if it fails to defend successfully, to pay the assured the amount of the judgment not exceeding the amount stipulated in the policy.

Id.—Judgment—Payment by Note.—Under the terms of an indemnity insurance policy which promises to indemnify for loss paid by the assured, the satisfaction of a judgment procured by the giving of a promissory note is to be deemed payment of the judgment debt.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Gray, Barker & Bowen, William A. Bowen, and Bowen & Bailie, for Appellant.

Lee Riddle, W. O. Morton, Harry A. Hollzer, and C. B. Morton, for Respondent.

JAMES, J.—In this action the judgment entered by the trial court was in favor of the plaintiff. Thereafter a motion for a new trial was made by the defendant and denied by the court. The appeal is taken from the judgment and also from the order.

Plaintiff, on the eighteenth day of April, 1910, suffered bodily injuries in an elevator which was being run in an apartment house in the city of Los Angeles. The owner of the apartment house business was Nevada Irwin. The latter at the time of the accident held a policy issued by the defendant herein indemnifying her against loss and expense arising

for damages accidentally suffered by reason of the operation of elevators in the apartment house. The maximum liability fixed by the policy was the sum of five thousand dollars where injury was suffered by one person only. This plaintiff, after suffering her injuries, commenced an action in the superior court to recover from Nevada Irwin damages on account thereof, which suit resulted in a final judgment (after appeal taken and decided) in her favor for the sum of $2,539.93. Within sixty days after this judgment became final, Nevada Irwin gave to the plaintiff herein her promissory note for the full amount of and in satisfaction of the judgment. She then, upon the promissory note being surrendered to her and canceled, delivered to this plaintiff an assignment of her (the said Irwin's) claim against the defendant here on the policy of indemnity insurance. This action was then brought. The case was tried before a jury with the result already indicated.

The policy issued by the defendant to Nevada Irwin in terms insured said Irwin on the account mentioned "against loss and expense arising from claims upon the assured for damages on account of bodily injuries accidentally suffered or alleged to have been suffered during the period of this policy by any person by reason of the operation of the elevators described herein." There were a number of conditions stated in the policy: It was required, among other things, that notice should be given to the company immediately of any accident, and that if suit was brought on account thereof, the assured should forward to the company all process and papers served, and then that "the company, at its own expense, will settle or defend said suit whether groundless or not; the moneys expended in said defense shall not be included in the limits of the liability fixed under this policy. The assured shall not assume any liability, nor interfere with any negotiation for settlement or any legal proceeding, nor incur any expense nor settle any claim except at his own cost, without the written consent of the company." It further provided that "no action shall lie against the company for any loss or expense under this policy unless it shall be brought for loss or expense actually sustained and paid in satisfaction of a final judgment, within ninety days from the date of said judgment and after trial of the issue." The contentions of appellant for reversal herein rest upon two principal propositions which are advanced in the briefs: 1. That under

the terms of the policy- no action would lie against appellant until the assured had actually paid the amount of the judgment rendered against her, or some part thereof, and that the execution of a promissory note to the injured party would not amount to payment within the meaning of the policy. 2. That under the facts shown in evidence, the making of the promissory note by Nevada Irwin in favor of this plaintiff appears not to have been done in good faith, and that the transaction was not *bona fide.* There seems to be no contention but that an assured has the right under such a policy as that here considered to make a valid assignment of a matured claim against the insurer. The policy contains no terms appropriate to forbid such assignment. It was alleged in the complaint herein, and there appeared to be no dispute as to the facts of the matter, that Nevada Irwin gave the requisite notices to the defendant company as to the accident having happened to this plaintiff, and that when suit was brought to recover damages she delivered to the legal counsel for this defendant all papers in connection with such suit; that this defendant by its counsel took charge of the litigation, managed and controlled it throughout, both in the trial court and upon appeal—in fact, contested the action to the court of last resort. It has been held in several well-considered cases that where an insurance company acting under the terms of policies practically identical with those made by the insurer in this case takes out of the hands of the assured direction and control of litigation, its liability to the assured becomes fixed and determined upon the entry of judgment; and it is also held that if precedent payment of the judgment is required of the assured, such payment may be made by promissory note. The decisions indicating a contrary view on the first proposition do not commend themselves to our judgment as presenting a reasonable and fair construction of the contract, when the objects and purposes sought to be accomplished are taken into view. We are in agreement with the expressions to be found in the opinion of the supreme court of Minnesota in *Patterson* v. *Adam et al.,* 119 Minn. 308, [48 L. R. A. (N. S.) 184, 138 N. W. 281]. The court there says: "The object and purpose of the contracting parties is not to be lost sight of in construing a contract, nor is the rule that in case of ambiguity it must be resolved against the one who prepared the instrument. The language in the

lengthy document before us was not the choice of the assured. Recognition needs be taken of the enormous growth of liability insurance of late years. The hazards of modern industries and the risks connected with some of the advantages of present day life call for this kind of insurance. Policies attempting to fill this demand should, if possible, be construed so as not to be a delusion to those who have bought them.'' The court proceeds with the statement that, even granting that the policy was so worded that it must be considered one of indemnity, under the facts the company placed itself in a position which resulted in liability; there having been no payment of the judgment in that case by the assured. This last conclusion was based upon the fact, as here, that the company exercised the right reserved to it to settle and carry on litigation, excluding the assured from any interference therewith. The court again says: ''Neither public policy nor legal principles can be invoked against the validity of these provisions, if they mean no more than an undertaking to contest an asserted claim against the assured, for which it is liable when established; but if, under the pretense of an insurance obligation, the company carried on litigation in the name of one who has neither voice nor interest therein, and which does not affect the company itself, because the assured is unable or unwilling to pay if plaintiff is awarded judgment, it would seem the company becomes an officious intermeddler. . . . We therefore hold that in a policy such as this, where the company has come into the litigation and assumed exclusive control thereof under its contract, it recognizes a liability, if it fails to defend successfully, to pay the assured the amount of the judgment it so permits to be established, not exceeding the sum stipulated in the policy, and also that, as to the plaintiff (the plaintiff being the person who secured a judgment for damages because of injuries suffered), it should be considered that such judgment is a debt due the assured from the company, and not dependent on any contingency.'' It was determined by that decision that the judgment creditor of the assured could attach by garnishment the amount of the liability incurred by the insurance company as a debt then due to the assured. The following cases support the proposition that under the terms of a policy of indemnity insurance which promise to indemnify for loss paid by the assured, the satisfaction of a judgment procured by

the giving of a promissory note is to be deemed payment of the judgment debt: *Kennedy* v. *Fidelity & Casualty Co. of New York,* 100 Minn. 1, [117 Am. St. Rep. 658, 10 Ann. Cas. 673, 9 L. R. A. (N. S.) 478, 110 N. W. 97]; *Taxicab Motor Co.* v. *Pacific Coast Casualty Co.,* 73 Wash. 631, [132 Pac. 393]. In the latter cases it is pertinently suggested as being inconsistent with the general purposes and intent of such policies to hold that unless the assured has the actual money or specific property to apply in discharge of the judgment, and that such money or property is so applied, no liability ever arises against the insurer. It has been often held, too often to require citation of authorities, that where there is an express agreement to that intent, a promissory note given to the creditor will extinguish the debt to which it is to be applied.

The second proposition advanced by the appellant, we think, is one which was finally decided by the jury, because it rests upon the evidence heard in the case and the circumstances surrounding the matter to be adverted to. It appeared that after the plaintiff here had found that Nevada Irwin had not sufficient property out of which she might at the time obtain satisfaction of the judgment, she, through her attorney, conferred with the attorney for Nevada Irwin. That it was then agreed that a promissory note should be made by Nevada Irwin in payment of the judgment, and (perhaps simultaneously) it was also understood that the promissory note after being so given should be surrendered and paid by the assignment of Nevada Irwin's claim to this plaintiff. Upon the giving of the promissory note satisfaction of the judgment was actually entered. Under the evidence the jury was altogether authorized to find that it was the intent that liability under the judgment should be extinguished by the giving of the promissory note of Irwin to this plaintiff. As we have suggested, however, this branch of the case enters the realm of fact, and it may not be said that there was no evidence sufficient to sustain the finding made by the jury as is implied from the verdict. And it may be further said that under the law as announced in the decision we first cited herein, when the judgment against Irwin became final the liability of the insurer became fixed. Assuming the correctness of this conclusion, it would then have been competent for Nevada Irwin, without the giving of a promissory note, to have assigned her claim against the insurer to

Rodgers in consideration of the satisfaction of the judgment. The transaction as it was made, however, was perfectly legal in the form it took, and we think, conceding the good faith of the transaction, as we must, was wholly within the rights of the parties.

The complaint made of error because of the giving of certain instructions and refusal to give other instructions offered has been examined. The court, in the view we take of the case, properly submitted to the jury the question as to whether the transaction wherein the note and assignment were given and made was one carried out in good faith and with the intent to extinguish the liability of Irwin upon the judgment. The instructions as a whole appear to have sufficiently and correctly stated such propositions of law as the jury needed advice upon.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 23, 1917, and the following opinion then rendered thereon:

THE COURT.—In its petition for rehearing the defendant insists that the opinion of the district court of appeal holds that, under the terms of the policy of insurance to Nevada Irwin, the company became bound to pay to Irwin the amount of the judgment recovered against her by the injured party as soon as it became final, and without previous payment thereof by Irwin to the injured party, and that the decision is based on that proposition.

The opinion is not based solely on that proposition. It also proceeds upon the theory that the payment by Irwin of the judgment against her in favor of the injured party is a condition precedent to the existence of a cause of action in favor of Irwin against the company, as indeed the policy expressly declares; but that such previous payment need not be made in money, but may be made in property of any kind, including the promissory note of Irwin if such note is accepted expressly as payment; a theory in which we concur.

This leaves as the main point of the case the question whether or not the note was accepted as payment and was made in good faith. This, as the district court says, is primarily a question of fact which the jury, on the evidence, resolved against the company.

The petition for rehearing is denied.