[Civil No. 2748. Filed February 25, 1929.]

[274 Pac. 784.]

OVERLAND–ARIZONA COMPANY, a Corporation, Appellant, v. CALIFORNIA INSURANCE COMPANY OF SAN FRANCISCO, a Corporation, Appellee.

See Insurance, 32 **C. J.**, sec. 205, p. 1112, n. 11; 33 **C. J.**, sec. 650, p. 7, n. 97.

Mr. James E. Nelson, for Appellant.

Mr. Henry H. Miller, for Appellee.

ROSS, J.—This action, to recover on an insurance policy, was instituted by the Overland-Arizona Company against the California Insurance Company of San Francisco.

The plaintiff, a dealer in automobiles, on March 31st, 1924, sold under a conditional sales contract a Willys-Knight touring automobile to one L. H. Watkins, a dealer of Nogales, Arizona, for the consideration of $850 cash and $850 to be paid thereafter with interest, title to remain in seller until the purchase price was fully paid.

Early in April, plaintiff sold and assigned the conditional sales contract and the moneys due thereunder to the San Francisco Securities Corporation, and in said assignment guaranteed its performance. The defendant insurance company, on April 5th, insured said automobile in favor of the Securities Corporation, to the amount of the unpaid balance, against the contingencies of loss by fire, theft, and transportation. On September 15th, 1924, while the balance of $850 was still due and unpaid, the automobile was taken, so it is claimed by plaintiff, out of the possession of Watkins, without his consent or knowledge, and removed to the Republic of Mexico, where it has ever since been kept. On November 1st, 1926, the plaintiff paid to the Securities Corporation the principal sum and interest of the conditional sales contract and attorney's fees in the sum of $86, or a total of $1,082.25, took an assignment of the conditional sales contract and the insurance policy, and thereafter brought this suit.

The defendant insurance company answered, averring that it had not been served with notice or proof of loss as required by the policy, and that the suit was not brought within twelve months after the loss as therein provided, also that the automobile was not taken from Watkins' possession without his knowl-

edge or consent; admitted that it obtained information of the claimed loss on or about September 20th, 1924; and informed the insured then that it refused to and would refuse to pay the claim.

The case was tried to the court, and resulted in a judgment dismissing the complaint, with costs to the defendant. Plaintiff has appealed.

We might well refuse to pass on the questions raised because of the insufficiency of the assignments. They are:

"That the trial court erred (1) in holding that there was no notice of loss to the insurance company; . . . (2) in holding that the assignor of the insurance policy forfeited its right to collect the insurance; and (3) . . . in holding that the plaintiff had no insurable interest in the property."

The court made no findings of fact, and we do not know upon what grounds it based its judgment of dismissal. We might ordinarily assume that it was upon one of the grounds assigned as error, and we think in this case it must have been upon the first one. We notice these assignments in their reverse order.

Just why or how the court could have held the plaintiff had no insurable interest in the automobile, we cannot conceive. The plaintiff was suing as assignee of the insured. To maintain the suit, it was not necessary that it have an insurable interest. So we will not convict the court, as counsel has, of making any such holding.

It is possible the court did hold the Securities Corporation forfeited its right to collect insurance, but the assignment does not indicate the grounds or reason why a forfeiture was declared, and, if declared, wherein error was committed. Passing this assignment, and looking to the brief, we do not find forfeiture mentioned or discussed.

"No notice of loss to the insurance company," if found by the court, would hardly justify a dismissal

of the complaint, if the record showed that proper proof of loss was made as provided in the policy or was waived. We must therefore expand and amplify the first assignment in order to pass upon the question that the court evidently had before it.

The provision of the policy respecting notice and proof of loss is as follows:

"In the event of loss or damage the Assured shall give forthwith notice thereof in writing to this Company; and within sixty (60) days after such loss, unless such time is extended in writing by this Company, shall render a statement to this Company signed and sworn to by the Assured, stating the place, time and cause of the loss or damage, the interest of the Assured and of all others in the property, the sound value thereof and the amount of loss or damage thereon, all encumbrances thereon, and all other insurance whether valid or not covering said property."

Further along in the policy is this provision:

"No suit or action on this policy or for the recovery of any claim hereunder shall be sustained in any court of law or equity unless the Assured shall have fully complied with all the foregoing requirements. . . . "

In the Insurance Code (par. 3442, Civ. Code 1913) it is made the duty of any fire insurance company "to furnish blank forms of proofs of loss to any person who may have claimed to have sustained a loss under any policy of insurance issued by any such company upon the application of the person claiming to have sustained such loss, which application may be made either to the company at its general office, or to any agent of the company at the place where the policy was issued or delivered, or in the county where the loss occurred."

The following paragraph (3443) dispenses with proof of loss if the insurer fails for twenty days after demand to furnish blank forms to the insured, and

authorizes the latter to sue and recover his loss "without furnishing proof of loss any provisions in the policy of insurance to the contrary notwithstanding, the failure of the insured to make application for the blanks shall not be deemed a waiver of any of his rights against the insurer."

The policy of insurance companies of requiring notice and proof of loss before suit may be maintained is recognized by the above statutory provisions. The insured is not bound to apply for or to use the insurer's forms of proof, but he is bound under his contract to furnish such proof substantially as required by the policy.

As to the furnishing of proof of loss, the evidence is uncontradictory. It appears that on September 15th, 1924, while the automobile was in Watkins' salesroom at Nogales, one Barnett wrongfully got possession of it and took it over the border into Mexico. Whether such taking was felonious or a mere trespass is left in doubt. Soon thereafter L. Roca, local agent for the insurer, was in Nogales, and he, H. H. Hotchkiss, president of plaintiff company, and Watkins together investigated the matter. It was then claimed by plaintiff to be an insurance loss but Roca denied that the loss was covered by the terms of the policy. Some sixty days later these three persons made an unsuccessful attempt to recover the car. Neither the plaintiff nor its assignor ever made application to the defendant or to any of its agents for blank forms of proof or furnished defendant proof of loss. It is then not only a failure to furnish proof of loss within the time it was agreed to be furnished but a failure to furnish it at all.

"Reasonable conditions of the policy requiring notice and proofs of loss to be given the company by insured or the claimant under the policy are valid and enforceable; and the courts will not relieve in-

sured against his failure to comply therewith unless he has a valid excuse therefor, or unless the company has lost its right to insist on compliance by estoppel or waiver." 33 C. J. 7, § 649. See, also, *White* v. *Home Mutual Ins. Co.,* 128 Cal. 131, 60 Pac. 666.

No attempt is made in the complaint to set out any facts constituting a waiver of proof of loss, and certainly no waiver or estoppel is shown by the evidence, for from the start the defendant denied all liability.

The judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.