485 P.2d 837

The AETNA CASUALTY & SURETY COM-
PANY, a Connecticut corporation,
Appellant,

v.

The VALLEY NATIONAL BANK OF ARI-
ZONA, a national banking associa-
tion, Appellee.

No. 1 CA–CIV 1336.

Court of Appeals of Arizona,
Division 1,
Department B.

June 14, 1971.

Rehearing Denied July 22, 1971.
Review Denied Oct. 5, 1971.

Shimmel, Hill & Bishop, P. C., by Rouland W. Hill, Phoenix, for appellant.

Rawlins, Ellis, Burrus & Kiewit, by Norman D. Hall, Jr., Phoenix, for appellee.

JACOBSON, Presiding Judge.

The right of a bank to collect from a depositor's insurance company for funds belonging to the depositor, and removed by thieves from the bank's night depository facility, is presented in this appeal.

Plaintiff-appellee, The Valley National Bank of Arizona, a national banking association, as assignee of its depositor, brought an action against defendant-appellant, The Aetna Casualty & Surety Company, a Connecticut corporation seeking to enforce an insurance policy issued by the defendant insurance company to the depositor, Mrs. June Schiebel. On cross-motion for a summary judgment, the trial court granted judgment in favor of the plaintiff bank in the sum of $1,188.37. Defendant has appealed from the judgment and denial of its motion for a new trial.

As indicated by the cross-motions for summary judgment, there are no factual disputes in this case.

Prior to May 18, 1968, the defendant insurance company had issued a policy of indemnity insurance to Mrs. June Schiebel, doing business as McDonald's Self Service System, which covered any loss by theft suffered by Mrs. Schiebel. Also prior to that date, Mrs. Schiebel had entered into a Night Depository Agreement with the plaintiff bank by which Mrs. Schiebel was given the right to deposit cash and commercial paper in a locked depository facility at the bank after regular banking hours. Her agreement contained the following clause:

"The undersigned [Mrs. Schiebel] agrees that each use of the night depository facilities shall be at the sole risk of undersigned and further agrees that the relation of debtor and creditor between said bank and the undersigned shall not arise out of any use or attempted use of such facilities * * *."

On the evening of May 18, 1968, Mrs. Schiebel deposited in the night depository facility of the Indian School-Central Office of the plaintiff bank certain funds consisting of cash and checks in the sum of $1,333.00. Some time during that night a thief, or thieves, broke into the night depository facility at that branch and removed Mrs. Schiebel's funds. A portion of these funds were recovered, but the sum of $1,188.37 of this stolen money was never recovered.

Some fourteen days following the burglary of the night depository facility, the bank entered into an agreement with Mrs. Schiebel whereby the bank paid Mrs. Schiebel a certain sum of money in return for which Mrs. Schiebel gave the bank a release of all liability arising out of the burglary and assigned her rights under her insurance policy with the defendant to the bank. This assignment was without the approval or consent of the defendant insurance company.

The bank subsequently made demand for payment which the insurance company, after a full investigation, denied. Neither the bank nor Mrs. Schiebel ever filed a formal "proof of loss" with the insurance company. The policy of insurance issued by the defendant contained the following clauses:

"Assignment of interest under this policy shall not bind the company until its consent is endorsed thereon * * *."

and

"No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy * * *."

The defendant makes four contentions on appeal:

(1) The bank was without authority to maintain the present action because the

defendant had failed to consent to an assignment of any rights under the policy;

(2) The bank and Mrs. Schiebel having failed to file a formal proof of loss as required by the policy are precluded from maintaining this action;

(3) The insured, Mrs. Schiebel, having been reimbursed by the bank has not suffered any "loss" under the terms of the policy and therefore the defendant is not liable;

(4) The release given by Mrs. Schiebel to the bank destroyed the defendant's subrogation rights, and the defendant is thereby released from liability. These contentions shall be discussed in the order presented.

The defendant, after citing the provisions of the policy against assignments without its consent, maintains that as far as it is concerned, Mrs. Schiebel's assignment of her rights under the policy was void and plaintiff acquired no rights against the defendant by reason of that assignment.

■ The general rule appears to be that liability and indemnity insurance policies are regarded as personal contracts and cannot be assigned, especially where an assignment is expressly prohibited by the terms of the policy, unless the insurer consents. Rendelman v. Levitt, 24 S.W.2d 211 (Mo.App., 1930); Ocean Accident & Guarantee Corp. v. Southwestern Bell Telephone Co., 100 F.2d 441, 122 A.L.R. 133 (8th Cir. 1939); Annot. 122 A.L.R. 144 (1939).

However, this rule is based upon the right of the insurer to choose its insured so as to know its risks. Therefore, it is not applicable when an assignment is made by an insured after the liability-causing event has occurred. Rodgers v. Pacific Coast Casualty Co., 33 Cal.App. 70, 164 P. 1115 (1917); Maryland Casualty Company of Baltimore, Maryland v. Omaha Electric Light and Power Co., 157 F. 514 (8th Cir., 1907); Pietrantonio v. Travelers Ins. Co., 282 Mich. 111, 275 N.W. 786 (1937); Greco v. Oregon Mutual Fire Ins. Co., 191 Cal.App.2d 674, 12 Cal.Rptr. 802

(1961). In such a case the general rule is that the assignment is not of the policy itself, but of a claim under, or a right of action on, the policy. Ocean Accident & Guarantee Corp. v. Southwestern Bell Telephone Co., *supra*.

■ In this case we hold that Mrs. Schiebel could validly assign her rights to the proceeds of her policy with defendant after the event which gave rise to defendant's liability under the policy had occurred without defendant's prior consent.

Defendant next contends that the failure of plaintiff or its insured to file a formal proof of loss as required by the policy relieved defendant of liability, relying primarily upon the effect of A.R.S. § 20–1130. This statute provides as follows:

"Without limitation of any right or defense of an insurer otherwise, none of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy or of any defense of the insurer thereunder:

\*   \*   \*   \*   \*   \*

"3. Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim."

Defendant contends that this statute modifies the previous common law rule in this state, as expressed in Overland-Arizona Co. v. California Insurance Co., 35 Ariz. 115, 274 P. 784 (1929), that the furnishing of proof of loss could be waived by the insurer. This same argument was made and rejected in Truck Insurance Exchange v. Hale's Towing Service, 95 Ariz. 76, 386 P.2d 846 (1963). In the case under consideration plaintiff advised defendant of the existence of the burglary and the circumstances of the loss. Sometime later the insurance company wrote the plaintiff's attorney that "[a]fter complete investigation and evaluation, our company feels that the subject claim of Valley National Bank must be denied." The letter refers to the policy number, the date of loss and the name of the insured.

Normally, in the absence of a specific requirement in a policy that a particular form or type of proof of loss be utilized in reporting to the company, it has generally been held that any method which serves to advise the insurer of the loss so as to enable it to adequately consider its rights and liabilities shall suffice. Overland-Arizona Co. v. California Insurance Co., *supra*; Aetna Life Ins. Co. v. Duncan, 264 S.W. 835 (Ark.1924); O'Brien v. North River Ins. Co., 212 F. 102 (4th Cir., 1914). Moreover, the Arizona Supreme Court has held that substantial compliance with even a detailed proof of loss requirement in a policy is sufficient. Truck Insurance Exchange v. Hale's Towing Service, *supra*. In this case it appears that the information supplied by the plaintiff to the defendant was sufficient to allow a "complete investigation and evaluation" by the defendant insurance company and we therefore hold there was a substantial compliance with the provision of the proof of loss requirement of defendant's policy and plaintiff is not precluded from maintaining this action because of a failure to file a formal proof of loss form.

Defendant next contends that its insured suffered no "loss" as the result of the May 18, 1968 burglary—the plaintiff having reimbursed its insured—and that therefore the defendant can have no liability under the terms of its policy. Defendant's argument is based on the proposition that its policy is one for indemnity against loss only, as compared to a policy for indemnity against liability. Unfortunately, defendant did not deem fit to make its policy, which was an exhibit before the trial court, part of the record here on appeal. However, we must assume in the absence of the policy itself, that "loss" by theft was covered under the terms of defendant's policy or this would have been raised as a defense to this action.

It is the general rule that an insurer, under an indemnity of loss policy, as compared to an indemnity against "lia-

bility" policy, indemnifies for the *consequences of an event if it should happen*, Ramey v. Hopkins, 138 Cal.App. 685, 33 P.2d 443 (1934). The *consequences of the theft* of Mrs. Schiebel's funds was the "loss" of $1,188.37 for which the defendant agreed to indemnify Mrs. Schiebel. Admittedly, if the thieves had been apprehended and Mrs. Schiebel's funds returned such would have diminished her "loss" and she would not have suffered any *consequences as the result of the theft*. Where, however, Mrs. Schiebel receives funds not as a consequence of the return of her money from the thieves, but as a consequence of assigning her legal rights under her policy of insurance covering that theft, we hold that Mrs. Schiebel suffered a "loss" within the meaning of the policy. To hold otherwise would mean that Mrs. Schiebel would be deprived of the right to use her valid claim for funds under her policy either as security for a loan or as consideration for funds received from a third party, because it would be contended that if she received any moneys as the result of her coverage of insurance she would not have suffered a "loss" under defendant's theory. This Court declines to reach such an absurd result.

Defendant's last contention is based upon the proposition that plaintiff was a tortfeasor or wrongdoer insofar as the loss of Mrs. Schiebel's money was concerned and therefore a release of the wrongdoer from liability by Mrs. Schiebel operated to defeat the defendant's right of subrogation and this loss of subrogation rights operates to relieve defendant from liability, citing Aetna Casualty & Surety Co. v. Phoenix National Bank & Trust Co., 285 U.S. 209, 52 S.Ct. 329, 76 L.Ed. 709 (1932). This proposition hinges, of course, on the supposition that the plaintiff was in some manner legally liable to Mrs. Schiebel for the loss of her monies for if it was not, obviously the defendant would not lose any subrogation rights against it by reason of the execution of the release. Defendant's arguments, based upon this supposition of plaintiff-liability, must fail

for the reason that the defendant, in the trial court, did not raise any defense or issue that plaintiff might in any manner be liable to Mrs. Schiebel by reason of the loss of her funds. The trial court did not have an opportunity therefore to pass on this issue. Under our oft-stated rule that issues not raised in the trial court shall not be considered on appeal, defendant's contention here must fail. Milam v. Milam, 101 Ariz. 323, 419 P.2d 502 (1966); Kenyon v. Kenyon, 5 Ariz.App. 267, 425 P.2d 578 (1967).

For the foregoing reasons, the judgment of the trial court is affirmed.

HAIRE and EUBANK, JJ., concur.