543 P.2d 147

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota Corporation, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, an Illinois Corporation, Appellee.**

**No. I CA–CIV 2662.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 9, 1975.

Rehearing Denied Jan. 12, 1976.

Review Denied Feb. 3, 1976.

Burch, Cracchiolo, Levie, Guyer & Weyl by Barry A. MacBan, Phoenix, for appellant.

Harrison, Myers & Singer, P.C. by Mark I. Harrison, Stephen L. Becker, Phoenix, for appellee.

OPINION

OGG, Presiding Judge.

The issue in this case involves a determination of the respective rights and obligations of two insurance companies who each have pro rata coverage on the same fire loss. To properly decide this case we

must determine if an insured has any assignable rights in an insurance policy where there is a dispute between two insurance companies as to their respective obligations under the terms of the policies.

In 1971, Frank and Doris Bonham (contract sellers) sold their home to Royal and Lois Burrough (contract buyers). In March, 1972, the property suffered a fire loss in the amount of $10,700. At the time of the fire, there was in full force and effect a policy of insurance issued by plaintiff/appellant St. Paul Fire and Marine Insurance Company to the Burroughs which covered the Bonhams as "loss payees." Similarly, at the time of the fire, there was also a valid insurance policy issued by the defendant/appellee Allstate Insurance Company to the Bonhams covering the same fire loss.

After the fire the Bonhams made demand for the $10,700 loss upon Allstate, their own insurance company, and also upon St. Paul for coverage under the "loss payee" provision in the St. Paul policy. Allstate rejected the Bonhams' claim on the basis that its coverage was excess and that St. Paul's coverage was sufficient to satisfy the entire loss. Allstate now agrees that at the time of the fire loss each insurance company had pro rata liability for one-half of the loss. Both policies of insurance specifically provide:

"This company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not."

Both insurance companies admit that at the time of the loss each company had a valid policy in force that provided full coverage to the Bonhams for the loss sustained. However, under the pro rata clauses in both policies, the insurance companies were only obligated to each pay one-half of the loss suffered by the Bonhams.

After Allstate refused to pay any sum to the Bonhams, the St. Paul Company paid the full amount of the fire loss in the sum of $10,700 and took a release and an assignment from the Bonhams. The pertinent parts of such release and assignment are set out as follows:

"We, Frank and Doris Bonham, the undersigned, acknowledge receipt of draft in the amount of TEN THOUSAND SEVEN HUNDRED DOLLARS— ($10,700) from the St. Paul Fire & Marine Insurance Company in full and final settlement of any and all claims we might have under the Policy No. 989JA1334 naming Royal and Lois Burroughs as the named insureds with ourselves as a loss payee under the policy:

Further, we agree to indemnify and save harmless the St. Paul Fire & Marine Insurance Company for and against any demands by Royal and Lois Burroughs against Policy No. 989JA1334 arising out of a fire which occurred March 25, 1972 at the dwelling located on Lot 10 Block 15 Metcalf Addition Sec. 23 21 North 17 West, also known as 409 Gold Street, Kingman, Arizona;

Further, we do hereby in consideration of the amount received above-stated, assign to the St. Paul Fire & Marine Insurance Company all our rights and interests in Policy No. 0–24–933051, 03/17–3A written in the Allstate Insurance Company, copy of which is attached hereto and made a part hereof;

Further, we agree to cooperate with the St. Paul Fire and Marine Insurance Company in any actions or suits aginst Allstate Insurance Company which St. Paul Fire & Marine Insurance Company may file in order to recover our interests under this policy arising out of a fire which occurred at the dwelling known as 409 Gold Street, Kingman, Arizona.

> /s/ Frank Bonham
> /s/ Doris Bonham"

[Acknowledgment deleted]

When Allstate refused to pay to St. Paul its pro rata share of the Bonham fire loss, St. Paul brought this action for recovery.

Both insurance companies filed motions for summary judgment. The trial court found in favor of Allstate and St. Paul now brings this appeal.

It is St. Paul's position that the Bonhams were entitled to payment of a pro rata share under their policy with Allstate and that they had assignable rights under such insurance contract in the sum of $5,350. These contractual rights were never satisfied by Allstate and remain unsatisfied to date. The Bonhams assigned those rights to St. Paul in exchange for $5,350, and now St. Paul seeks satisfaction of these rights from Allstate. In other words, St. Paul claims the right to recover under the policy with Allstate still exists and St. Paul is simply standing in the shoes of Allstate's insureds.

It is Allstate's position that, although it originally owed its insureds Bonham pro rata coverage, there is no duty to pay them since they have already been fully compensated for their loss. The total amount which the insured can recover from all insurers of the same risk cannot exceed the amount of the loss. 16 *Couch on Insurance* § 62:1, 473; 8 Appleman, *Insurance and Law Practice* § 4911, 379. Allstate contends that St. Paul acted as a volunteer in paying the entire loss and that the Bonhams no longer had any viable claim to assign to St. Paul since an assignee can claim no greater rights than its assignor. *In re Pitt's Estate,* 1 Ariz.App. 533, 405 P.2d 471, 480 (1965).

The reasoning behind Allstate's position is based upon the sound theory than an insured should not be allowed to collect more than once for the same loss. The cases cited by Allstate are generally dealing with double recovery fact situations. Such reasoning has no application to the facts in this case. There is no double recovery by the insureds. The Bonhams collected only once for their loss when they collected the full amount of $10,700 from St. Paul. The only double payment made was when St. Paul paid the entire loss.

In our opinion St. Paul has a valid unpaid assignment of the Bonham claim against Allstate. Allstate owed $5,350 to its insureds, under the terms of the policy. This claim was assigned to St. Paul at the time St. Paul paid the entire fire loss for a valid consideration of $5,350.

After a loss has occurred and the rights under the policy have accrued, an assignment may be made without the consent of the insurer. The assignment is not regarded as a transfer of the policy itself, but rather as a chose in action. *Kiecker v. Pacific Indemnity Company,* 5 Wash.App. 871, 491 P.2d 244 (1971); *Ocean Accident & Guarantee Corp. v. Southwestern Bell Telephone Co.,* 100 F.2d 441 (C.A.Mo. 1939) cert. denied, 306 U.S. 658, 59 S.Ct. 775, 83 L.Ed. 1056; J. Appleman, *Insurance, Law & Practice* § 4269 (1962); G. Couch, *Insurance* § 63.2 (2nd ed. 1966). In the case of *Aetna Casualty & Surety Co. v. Valley National Bank,* 15 Ariz.App. 13, 485 P.2d 837 (1971), Department B of Division One of the Court stated:

"The general rule appears to be that liability and indemnity insurance policies are regarded as personal contracts and cannot be assigned, especially where an assignment is expressly prohibited by the terms of the policy, unless the insurer consents. (Citations omitted). However, this rule is based upon the right of the insurer to choose its insured so as to know its risks. Therefore, it is not applicable when an assignment is made by an insured after the liability-causing event has occurred. (Citations omitted). In such a case the general rule is that the assignment is not of the policy itself, but of a claim under, or a right of action on, the policy. (Citations omitted)."

The majority of cases now recognize it is undesirable to reward the insurer which refuses to honor its contractual obligations. These cases hold that an insurer which properly undertakes the burden of a full settlement is not a volunteer and does not lose the right to recover from other

**312**

carriers who are obligated for the same loss. *Smith v. Travelers Indemnity Co.,* 32 Cal.App.3d 1010, 108 Cal.Rptr. 643 (1973); *State Farm Mut. Auto. Insurance Co. v. Allstate Insurance Co.,* 255 So.2d 667 (Miss.1971); 8 Appleman, *Insurance Law and Practice* § 4913, 398.

We believe it is sound public policy to encourage insurance companies to make a swift settlement of claims. It would also be against public policy to force an insured, who has coverage under more than one policy, to institute legal action to collect payment for the loss in cases where a dispute arises between the insurance carriers over their respective liabilities under the policies.

The judgment of the trial court is reversed and the court is directed to enter judgment in favor of St. Paul upon its complaint.

FROEB and DONOFRIO, JJ., concur.