McMURDIE, Judge:
¶ 1 Four homeowners insured by Farmers Insurance Exchange ("Farmers") hired EcoDry Restoration of Arizona, LLC ("EcoDry") to repair water damage to their homes. In each case, the insureds assigned to EcoDry their "rights, benefits, proceeds and causes of action" under the policies. After Farmers refused to pay EcoDry's repair bills in full, EcoDry sued the insurer, alleging breach of the insurance policies. Farmers petitions this court for special action relief from a superior court order denying Farmers' Motion to Dismiss the complaint. We accept jurisdiction but deny relief, holding Farmers' insureds validly assigned to EcoDry their rights to sue to collect post-loss benefits under the policies.
*422 FACTS AND PROCEDURAL BACKGROUND
¶ 2 Farmers issued homeowners' insurance policies to four homeowners who later required water damage mitigation and restoration services. Each policy contained an anti-assignment provision stating that the insured's "interest in this policy may not be transferred to another person without [Farmers'] written consent."
¶ 3 In August and September 2016, each insured signed a "Work Order Agreement to Perform Emergency Services, Direct Pay Authorization & Assignment of Benefits" ("Work Order") authorizing EcoDry to perform emergency water mitigation services. Each Work Order included an assignment of benefits clause ("the assignments"). Each assignment read, in part:
[The insured] hereby assigns any and all insurance rights, benefits, proceeds and causes of action under any applicable insurance policies to [EcoDry]. This assignment is made in consideration of [EcoDry] performing the services and in consideration of [EcoDry] not requiring a down payment from [the insured] prior to starting work....
[The insured] further authorizes and instructs [the insured's] insurance company to pay directly to [EcoDry] the amount shown on the final billing for the work done by [EcoDry] in connection with this claim. [The insured] also understands that the insurance company is billed as a courtesy and convenience to [the insured]. Should [the insured's] insurance company fail to honor the assignment and direction to pay, [the insured] agrees to pay [EcoDry] any balances due from [the insured's] personal funds.
[The insured] understands and agrees that [EcoDry] is working for [the insured] and not for [the insured's] insurance company. Therefore, it is understood that [the insured] is ultimately responsible for payment of said services.
¶ 4 Farmers did not consent to any of the assignments. After finishing its work for the insureds, EcoDry submitted invoices directly to Farmers. In each case, Farmers directly paid EcoDry an amount less than the invoice total. EcoDry then filed a complaint against Farmers, alleging the insureds had assigned to EcoDry their "post-loss rights" under the policies, and that Farmers breached the policies by "refus[ing] to pay the reasonable, usual, and customary charges to restore the insured property to pre-loss condition."
¶ 5 Farmers moved to dismiss EcoDry's complaint for failure to state a claim, see Ariz. R. Civ. P. 12(b)(6), arguing EcoDry did not have a contractual relationship with Farmers nor a valid assignment of the insureds' rights under the insurance policies. After receiving EcoDry's response and Farmers' reply, the superior court denied the Motion to Dismiss. Farmers then petitioned this court for special action review.
SPECIAL ACTION JURISDICTION
¶ 6 Special action jurisdiction is discretionary but appropriate when the petitioner has no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). Generally, special action review of a denial of a motion to dismiss is not appropriate. Vo v. Superior Court , 172 Ariz. 195, 198, 836 P.2d 408, 411 (App. 1992). "However, where an issue is one of first impression of a purely legal question, is of statewide importance, and is likely to arise again, special action jurisdiction may be warranted." Id.
¶ 7 This special action asks whether EcoDry may bring a breach of contract claim against Farmers after its insureds assigned EcoDry their rights to post-loss benefits under the insurance policies, notwithstanding non-assignment provisions in the policies. As such, it presents a question of law. See Keggi v. Northbrook Prop. and Cas. Ins. Co. , 199 Ariz. 43, 46, ¶ 11, 13 P.3d 785, 788 (App. 2000) ("Interpretation of an insurance contract is a question of law which we review de novo ."). Judicial efficiency also weighs in favor of our accepting jurisdiction. According to the briefs in this matter, over 150 similar cases involving water restoration contractors and insurance companies have been filed in Maricopa County superior and justice courts since April 2017. Therefore, in the exercise of our discretion, we accept special action jurisdiction. See Summerfield v. Superior Court , 144 Ariz. 467, 469, 698 P.2d 712, 714 (1985) ("[T]here are several pending cases in the *423 superior courts which present the same issue. Normal appellate procedures will result in unnecessary cost and delay to all litigants. The question presented is a clear issue of law with obvious statewide significance. The congruence of these factors militates in favor of our accepting [special action] jurisdiction." (citations omitted) ).
DISCUSSION
¶ 8 Farmers argues EcoDry lacks standing to sue for breach of the policies because EcoDry "enjoys no privity of contract with Farmers" and the insureds cannot assign their "right[s] to bring this lawsuit." Farmers contends that anti-assignment clauses are valid under Arizona law, and no exception to that rule renders the anti-assignment provisions in its policies ineffective.
¶ 9 A chose-in-action is the "right to bring an action to recover a debt, money, or thing." Chose , Black's Law Dictionary (10th ed. 2014). It is well settled in Arizona that assignees of a chose-in-action have standing to pursue the action in their own name. United Verde Extension Mining Co. v. Ralston , 37 Ariz. 554, 561, 296 P. 262 (1931). Arizona law also recognizes, however, that contractual provisions prohibiting assignment without consent may be enforceable. Hanigan v. Wheeler , 19 Ariz. App. 49, 51, 504 P.2d 972 (1972) ; see also Highland Vill. Partners, L.L.C. v. Bradbury & Stamm Const. Co., Inc. , 219 Ariz. 147, 150, ¶ 11, 195 P.3d 184, 191 (App. 2008) (a party can assign rights under a contract to a third party unless (1) the assignment materially changes the obligor's duty or increases the obligor's risk, (2) statute or public policy prohibits the assignment, or (3) the contract validly prohibits the assignment).
¶ 10 As applicable here, the general rule is that an indemnity insurance policy "cannot be assigned, especially where an assignment is expressly prohibited by the terms of the policy, unless the insurer consents." Aetna Cas. & Sur. Co. v. Valley Nat'l Bank of Ariz. , 15 Ariz. App. 13, 15, 485 P.2d 837 (1971). This principle "is based upon the right of the insurer to choose its insured so as to know its risks." Id. An assignment made after a loss occurs , however, "is not of the policy itself, but of a claim under, or a right of action on, the policy." Id. Thus, "[a]fter a loss has occurred and the rights under the policy have accrued, an assignment may be made without the consent of the insurer," St. Paul Fire & Marine Ins. Co. v. Allstate Ins. Co. , 25 Ariz. App. 309, 311, 543 P.2d 147 (1975), and the rule enforcing anti-assignment provisions is not applicable, Aetna , 15 Ariz. App. at 15, 485 P.2d 837.
¶ 11 Farmers argues we should narrowly construe Aetna and St. Paul Fire to permit an insured to assign a claim against an insurer only when the amount of the claim is undisputed. It urges that in those cases, the amount of the loss was plain; the only issue was whether the insurer could be compelled to pay policy proceeds to the assignee. See St. Paul Fire , 25 Ariz. App. at 311, 543 P.2d 147 ; Aetna , 15 Ariz. App at 14, 485 P.2d 837. Farmers argues those cases do not apply here, when EcoDry purports to challenge the amount of benefits due under the policies and the methods Farmers uses to determine how much to pay. We disagree that Aetna and St. Paul Fire apply only when the amount of damages the insurance company owes to the insured is not in dispute, or that, in exercising its rights as the insureds' assignee, EcoDry is only entitled to receive whatever sum Farmers determines is due and may not challenge Farmers' determination in court.
¶ 12 In 2004, more than 25 years after Aetna and St. Paul Fire , the legislature amended a statute barring specified "unfair claim settlement practices" to expressly recognize the right of an insured to assign a claim. As amended, the statute states that a property or casualty insurer cannot:
[W]ith such a frequency to indicate as a general business practice ... fail[ ] to recognize a valid assignment of a claim. The property or casualty insurer shall have the rights consistent with the provisions of its insurance policy to receive notice of loss or claim and to all defenses it may have to the loss or claim, but not otherwise to restrict an assignment of a loss or claim after a loss has occurred.
Ariz. Rev. Stat. ("A.R.S.") § 20-461(A)(7). Although § 20-461 does not provide a private cause of action, A.R.S. § 20-461(D), the statute evidences the legislature's intent to allow *424 insureds to assign claims arising under an insurance policy.
¶ 13 An assignment of a chose-in-action transfers the assignor's interest in the claim to the assignee. Van Waters & Rogers, Inc. v. Interchange Res., Inc. , 14 Ariz. App. 414, 417, 484 P.2d 26 (1971). "The assignee then 'stands in the shoes' of the assignor, taking his rights and remedies as described in the assignment, subject to any defenses which the obligor or debtor has against the assignor prior to notice of the assignment." Id.
¶ 14 Here, the insureds executed the assignments after water damaged their homes, giving rise to their claims under the policies. The insureds did not assign their insurance policies to EcoDry, but rather they each assigned a claim under and a right of action on the policy. See Aetna , 15 Ariz. App. at 15, 485 P.2d 837. Accordingly, we hold the assignments were valid post-loss assignments of benefits under the insurance policies. As the recipient of a post-loss assignment of benefits, EcoDry stands in the shoes of the insureds, see Van Waters & Rogers, Inc. , 14 Ariz. App. at 417, 484 P.2d 26, and has standing to enforce the policy against Farmers.
¶ 15 We are unpersuaded by Farmers' contentions that the assignments increase the insurer's risk or alter the duties and obligations under the insurance policies, and agree with courts in other states that permit assignment of post-loss benefits due under insurance policies. In Millard Gutter Co. v. Farm Bureau Prop. & Cas. Ins. Co. , the Nebraska Supreme Court upheld a judgment against an insurance company in favor of a contractor that sued as an assignee of claims under a homeowner's insurance policy. 295 Neb. 419, 889 N.W.2d 596, 598 (2016). The insurance company paid the contractor less than half the amount the contractor billed for a roof repair, and the contractor sued the insurance company for the difference. Id. The court held the assignment was a post-loss assignment of a claim under an insurance policy and the contractor had standing to bring a breach of contract claim, despite an anti-assignment provision in the insurance policy. Id. at 599, 605. The court found that while there are sound public policy reasons for enforcing anti-assignment provisions before a loss occurs, accord Aetna , 15 Ariz. App. at 15, 485 P.2d 837, those justifications are not implicated after the loss, Millard , 889 N.W.2d at 604-05. This approach, allowing post-loss assignment, appears to be the majority rule. Wehr Constructors, Inc. v. Assurance Co. of Am. , 384 S.W.3d 680, 682 (Ky. 2012) ("[T]he majority rule holds that an anti-assignment clause [without the insurer's consent] is unenforceable once an insured occurrence takes place because at that point the insured is entitled to recovery under the policy; that right is a chose in action...."); Conrad Bros. v. John Deere Ins. Co. , 640 N.W.2d 231, 237-38 (Iowa 2001) (the policy reason behind prohibiting an assignment prior to a loss "no longer exists after the insured sustains the loss because the liability of the insurer is essentially fixed.... Moreover, if we permitted an insurer to avoid its contractual obligations by prohibiting all post-loss assignments, we could be granting the insurer a windfall." (citations omitted) ).[1] But see Conoco, Inc. v. Republic Ins. Co. , 819 F.2d 120, 123-24 (5th Cir. 1987) (applying Texas law and holding a post-loss assignment of benefits was invalid because the insurance policy contained an "unambiguous no-assignment clause"). Farmers and amici argue that such assignments will cause more expense and higher payouts by insurers, suggesting that over time, insureds will suffer higher premiums as a result. But the assignments do not grant EcoDry any rights greater than those held by the insureds-assignors. The policies obligate Farmers to pay the reasonable *425 costs of repair, regardless of whether the claim for coverage is pressed by an insured or by EcoDry.
¶ 16 We hold the insureds made valid post-loss assignments of "rights, benefits, proceeds, and causes of action" under their insurance policies. Although the language of the assignments appears broad, EcoDry's pending complaint only seeks amounts payable under the policies, and at oral argument EcoDry acknowledged that the only claims it raises under the assignments are for post-loss damages suffered by the insureds. We therefore only address the validity of the assignments insofar as they apply to post-loss rights and benefits, and hold EcoDry has standing to enforce those claims under the policies. Accordingly, the superior court did not err by denying Farmers' Motion to Dismiss. See Fid. Sec. Life Ins. Co. v. State, Dep't of Ins. , 191 Ariz. 222, 224, ¶ 4, 954 P.2d 580, 582 (1998) (a motion to dismiss should only be granted if plaintiffs "would not be entitled to relief under any interpretation of the facts susceptible of proof").
¶ 17 Farmers and amici suggest that the allegations in EcoDry's complaint amount to a claim for breach of the duty of good faith and fair dealing. We do not address whether the assignments at issue purport to assign such a claim, which the parties have not briefed, because EcoDry's second amended complaint presents just one claim-breach of contract, for which it seeks "actual damages, including interest, as a result of [Farmers'] failure to pay the full amount for services rendered pursuant to the contract." Nor do we accept Farmers' related contention that the assignments allow EcoDry to pursue its claims "unhampered by the policy's obligations." EcoDry conceded at oral argument it is subject to the same obligations under the policies as the insureds. Further, in responding to EcoDry's demands for payment, Farmers retains every defense to the claims it would have had against the insureds prior to the assignments, and may assert such defenses against EcoDry. See Van Waters & Rogers, Inc. , 14 Ariz. App. at 417, 484 P.2d 26 ; see also A.R.S. § 20-461(A)(7) (after a valid assignment of a claim under an insurance policy, the insurance company "shall have the rights ... to all defenses it may have to the loss or claim"); A.R.S. § 44-144 ("An assignment of a chose in action shall not prejudice any set-off or other defense existing at the time of the notice of the assignment.").
CONCLUSION
¶ 18 For the foregoing reasons, we accept jurisdiction but deny relief.

Other courts likewise have applied the majority rule. See, e.g. , Globecon Group, LLC v. Hartford Fire Ins. Co. , 434 F.3d 165 (2d Cir. 2006) ; Ocean Accident & Guar. Corp. v. Sw. Bell Tel. Co ., 100 F.2d 441 (8th Cir. 1939) ; R.L. Vallee, Inc. v. Am. Int'l Specialty Lines Ins. Co. , 431 F.Supp.2d 428 (D. Vt. 2006) ; SR Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Props., LLC , 375 F.Supp.2d 238 (S.D.N.Y. 2005); Action Auto Stores, Inc. v. United Capitol Ins. Co. , 845 F.Supp. 417 (W.D. Mich. 1993) ; Int'l Rediscount Corp. v. Hartford Accident & Indem. Co. , 425 F.Supp. 669 (D. Del. 1977) ; Antal's Rest., Inc. v. Lumbermen's Mut. Cas. Co. , 680 A.2d 1386 (D.C. 1996); One Call Prop. Servs. Inc. v. Sec. First Ins. Co. , 165 So.3d 749 (Fla. Dist. Ct. App. 2015) ; Elat, Inc. v. Aetna Cas. & Sur. Co ., 280 N.J.Super. 62, 654 A.2d 503 (App. Div. 1995) ; Pilkington N. Am., Inc. v. Travelers Cas. & Sur. Co. , 112 Ohio St.3d 482, 861 N.E.2d 121 (2006).