## 39641. RUTLEDGE v. DIXIE AUTOMOBILE INSURANCE COMPANY.

Decided September 21, 1962.

*Greer, Morris, Bartholomew & Finley, Richard G. Greer,* for plaintiff in error.

*Henderson & Pope, Marion T. Pope, Jr.,* contra.

JORDAN, Judge. The allegations of the plaintiff's petition disclosed the existence of a valid contract of automobile liability insurance between the defendant insurance company and the insured; a legitimate claim of liability against the insured arising out of an automobile collision involving the insured vehicle under said contract; notice to the defendant insurance company by the insured of said collision; investigation of said collision and claim by the defendant insurance company and the subsequent denial of liability by said insurance company on the ground that the contract of insurance was void; and the settlement in good faith of the insured's liability arising out of the collision by a co-insurer in cooperation with the insured, the settlement and expenses thereof being shared equally by said parties.

Since it is settled in this State that when an insurer wrongfully denies coverage to its insured, the latter may settle his liability without litigation and without the insurer's consent, the insurance company being bound to reimburse the insured in the amount of any settlement made in good faith plus expenses and attorneys' fees (*Ga. S. & F. R. Co. v. U. S. Cas. Co.,* 97 Ga. App. 242, 244, 102 SE2d 500), the above alleged facts are sufficient to disclose the existence of a cause of action for the damages allegedly sustained by the plaintiff because of the failure of the defendant insurance company to perform its obligations under the contract of liability insurance. See *Maryland Cas. Co. v. Sammons,* 63 Ga. App. 323 (11 SE2d 89); *Liberty Mut. Ins. Co. v. A.C.L. R. Co.,* 66 Ga. App. 826 (19 SE2d 377).

It is contended by the defendant insurance company, however, that even though a valid contract of insurance is alleged to have been in existence at the time of the collision, the trial court properly sustained the general demurrer to the petition for the reason that the petition affirmatively disclosed that the alleged co-insurer, State Farm Mutual Automobile Insurance

580

Company, had voluntarily settled the alleged claims against the insured without any agreement with or authority from the defendant to do so, and that for such payments voluntarily made, the alleged co-insurer could not recover contribution from the defendant under the guise of the present action. In support of this contention the defendant primarily relies upon the case of Farm Bureau Mutual Automobile Ins. Co. v. Buckeye Union Cas. Co., 147 Ohio St. 79 (67 NE2d 906), in which the Supreme Court of Ohio held that where an automobile liability policy issued by each of two insurers on the same automobile contained a pro rata clause and one of the insurers, in spite of notice from the other insurer that the latter would not pay its proportion of a loss, paid the entire amount of the loss, the other insurer who had paid the entire loss had no right to a contribution from the other.

The defendant's argument in this regard is without merit under the alleged facts and circumstances of the plaintiff's petition. This was not a suit by the co-insurer to recover contribution from the defendant but was a suit by the insured to recover damages sustained by him by reason of the defendant's refusal to fulfill its obligations under the contract. The existence of the second policy of insurance could serve only to reduce the amount of coverage afforded to the insured by the defendant insurance company under the prorata clause of its contract of insurance with the insured, and could not affect the question of the liability of the defendant to the insured under the insurance contract. *Hartford Steam Boiler &c. Co. v. Cochran Oil Mill &c. Co.,* 26 Ga. App. 288 (105 SE 856). While it is contended by the defendant that the alleged loan by State Farm to the insured was without consideration and that therefore State Farm is the real party at interest in this suit, the facts alleged disclose that this is not the case; for under the prorata clause in the policy issued by State Farm that company was only liable for its proportionate share of the amount of the settlement and attorneys' fees; and this being true, it cannot be said that the loan from State Farm to the insured for the purpose of paying the amount of the settlements and fees in excess of State Farm's coverage was without consideration.

Nor can the defendant under these circumstances contend that

the settlement voluntarily made by the co-insurer and the plaintiff without its consent or authority vitiated its contractual obligations to the insured; for the defendant's alleged wrongful abdication of its status and responsibilities as an insurer by its denial of liability and contention that the policy of insurance with the insured was void, put the plaintiff and the co-insurer in the place of both co-insurers with the rights of both, including the right to settle claims against the insured without litigation. The defendant, therefore, having thrust sole responsibility upon the plaintiff insured and the co-insurer, cannot escape its obligations to reimburse the plaintiff on the ground that it was not a party to the settlement. To hold otherwise would permit a co-insurer which disavowed its liability and refused to perform its obligations to the insured to escape its duties without injury because of the performance of those duties by the insured in cooperation with the co-insurer.

Accordingly, under the allegations of the instant petition the plaintiff insured was entitled to bring this action to seek reimbursement from the defendant insurance company for the amount of the settlement and attorneys' fees borne by the plaintiff under the loan agreement with State Farm, and the trial court erred in sustaining the defendant's general demurrer to the petition.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*