40044. KING v. FRYER.

Decided May 6, 1963.

*E. Louis Adams*, for plaintiff in error.

*A. A. May, Smith, Gardner, Kelley & Wiggins, B. C. Gardner, Jr.*, contra.

HALL, Judge. In this case error is assigned on the order of the trial court granting the defendant's motion for summary judgment. "The purpose of the Summary Judgment Act of 1959 is to eliminate the necessity for a jury trial where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Code Ann.*, § 110-1203." *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442).

The plaintiff has based his suit upon an alleged joint venture entered into orally, in which the plaintiff was to obtain an option on certain real estate, the defendant agreed to sell the real estate, and the plaintiff was to receive one-third of the gross profit from the sale. The plaintiff alleges that he obtained and paid the consideration for the option, which was in writing and provided it was to be exercised "30 days from October 16, 1961."

"If the duration of the adventure is expressly or by necessary implication fixed by the contract, or if the adventure concerns an option or contract which expires on a certain date, the adventure will be held to terminate at the time thus limited." 48 CJS 820, § 4. See *Clement A. Evans & Co. v. Waggoner*, 197 Ga. 857 (2) (30 SE2d 915); Keller v. Fitzgerrell, 158 Ill. App. 534, 540; 80 ALR 27-28. A member of a joint venture owes the duty to the other members of the venture to cooperate with them and to exercise reasonable care and skill to effectuate the purposes for which all have joined, and the duty not to disrupt or abandon the venture for the purpose of obtaining benefits for himself and not to do any act which obstructs the carrying on of its business to a successful conclusion; and he can become liable to his associates for the damages sustained by them through breach of the contract. 48 CJS 829, § 5. After the adventure has terminated or has been abandoned by all the parties, one who was a party thereto has the same right to purchase the property involved in the venture as any other person. 48 CJS 832, § 7.

From the pleadings, the defendant's affidavits incorporated in his motion for summary judgment, and the defendant's answer to the plaintiff's interrogatories, it appears that there is an issue over the existence of the verbal joint venture. This is immaterial for the reason that the undisputed facts show that the property

was not sold under the option which the plaintiff claims to have obtained as his part of the joint venture. This option expired on November 16, 1961, and thereby terminated the alleged joint venture. Keller v. Fitzgerrell, 158 Ill. App. 534, supra. The property was sold, some three months after the option had expired, by the defendant by a transaction in which the plaintiff did not participate.

The plaintiff does not seek a remedy or allege facts from which could be measured his damages for breach by the defendant of the alleged joint venture agreement. He seeks to recover one-third of the profits from the defendant's actual sale of the property.

The plaintiff did not refute these undisputed facts nor did he seek to call upon the exercise of the trial court's discretion under *Code Ann.* § 110-1206. *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 7 supra; *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178 (129 SE2d 408). The time for the party opposing the motion to present relevant evidence or show satisfactory reasons for the nonproduction is at the time of the hearing on the order to show cause, and if this is not done, it is too late to complain later. *Scales v. Peevy*, 103 Ga. App. 42 (2) (118 SE2d 193); *Studstill v. Aetna Cas. &c. Co.*, 101 Ga. App. 766, 768 (115 SE2d 374).

The trial judge did not err in granting the defendant's motion for summary judgment.

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*