46679. AMERICAN INSURANCE COMPANY v. BATEMAN et al.

ARGUED NOVEMBER 1, 1971—DECIDED NOVEMBER 24, 1971—
REHEARING DENIED DECEMBER 13, 1971—

*Frank C. Vann, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sam F. Lowe, Jr., Robert W. Beynart,* for appellant.

*Ben L. Bateman, Robert E. Hughes, Frank S. Twitty, Jr., James C. Brim, Jr., H. Thaxton Monk, Jr.,* for appellees.

*Fred B. Hand, Jr.,* amicus curiae.

DEEN, Judge. ■ (a) "Rulings which do not affect the interests of the appellant or plaintiff in error may not be assigned as error by him." 5 CJS 829, Appeal & Error, § 1497; *Lively v. Oberdorfer,* 216 Ga. 673 (3) (119 SE2d 27) and cit.; *Hoffman v. Chester,* 201 Ga. 447, 451 (39 SE2d 857). The American Insurance Company as a defendant here is interested only in whether or not it is liable to its insured, Bateman, on its homeowner's policy and, if so, the proper method of determining its liability. If liable, it is to its insured alone, and the fact that the court directed Bateman to satisfy the lienholders out of the proceeds of this policy when received is no concern of the appellant. Neither is it concerned with whether the Farmers Bank of Pelham is a proper loss payee as to the proceeds of the builder's risk policy which Insurance Company of North America issued to Godwin, or with the respective priorities of the bank and the lienholders. For this reason we will not consider enumerations of error 2, 4 and 5 relating to parts of the final order in this case not appealed by any of the entities affected thereby. We recognize the point attempted to be made, which is a contention that the trial court in attempting to protect both creditors and lienholders was thereby influenced to find both insurance policies productive

of available funds which it allocated in such a manner as to give the greatest protection to third-party litigants here, and appellant contends that in so doing it found a total amount of insurance coverage greater than the total value of the loss, and that it was in fact injured thereby. The issue is not, however, the reasons persuading the court to rule in a certain way, but whether the ruling as made is correct.

(b) There is no rule of law that where various interests and various insurance policies are involved the total payable under all the policies must necessarily be equivalent to the market value of the property. An insurable interest means any actual, lawful and substantial economic interest in the safety or preservation of the subject. The measure of that interest is the extent to which the insured might be damnified by the loss. *Code Ann.* § 56-2405. Thus, an owner may insure his interest in the property under construction, and a contractor may indemnify himself against loss during the same period of time, and both policies will be payable, in the event of a fire, to the extent of the loss of each insured under his separate policy. Lititz Mutual Ins. Co. v. Lengacher, 248 F2d 850.

■ Since, then, the liability of the appellant is not affected by the liability of Insurance Company of North America to Godwin, is the award in favor of Bateman for the actual cash value of the destroyed building the proper measure of its liability? Bateman's interest was insured "to the extent of the actual cash value of the property at the time of the loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality." Here the insurer argues in effect that Bateman suffered no loss because under the terms of his contract with Godwin he was required to pay nothing until the structure was completed. This is completely irrelevant. The building was a fixture upon land alleged to be owned by the plaintiffs, which allegation is not controverted by any defendant. It was being constructed under the plaintiffs' purchase contract as their residence. The construction liens constituted a burden of the property. The Batemans thus

had an economic interest in the house they had contracted to have constructed as their residence, and whether they had paid for the work, or even whether or not a liability would exist against them in the future as to the substantially completed building which had been destroyed, they had as vendees under the building contract an insurable interest in the property. In fact, in Commercial Union Assur. Co. v. Ryalls, 169 Ala. 517 (53 S 754), it was held that the vendee in a contract to purchase real estate provided a certain building should first be erected thereon had an insurable interest in the building to be constructed. And in Bernhardt v. Boeuf & Berger Mut. Ins. Co. (Mo. App.) 319 S.W. 2d 672, the insured was held to have had an insurable interest in a house as the promisee of a construction contract, where he and his mother intended to use it as a residence after completion, although title to the land was in the mother who had verbally promised that she would convey it to him after completion. The policy itself, once insurable interest exists, determines the measure of damages, and fixes it as "the actual cash value of the property at the time of loss." Since this includes all loss by fire to the building and materials and supplies located on the premises intended for use in its construction, the court properly set such value as the measure of damages, leaving the identification and amount of these to be determined by a jury. Similarly, he left for jury determination "other losses as covered by the policy" without specification of which particular items are referred to. Appellant admits that it owes for the loss of certain items of personal property; whether other items are also involved was not passed upon. Enumerations of error 1 and 3 are also without merit.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*