## 59442. CONTINENTAL INSURANCE COMPANY v. FEDERAL INSURANCE COMPANY.

QUILLIAN, Presiding Judge.

This is an appeal from a grant of appellee's motion for summary judgment in which the sole issue is whether appellee Federal Insurance Company is entitled to contribution from appellant Continental Insurance Company in the settlement of a fire insurance claim.

The undisputed facts are that both insurance companies insured the same residence against fire loss in the same amount. Federal's policy was with Strickland as

owner and Continental's was with Roberts as owner with Strickland listed as mortgagee, Roberts having purchased the property from Strickland. Both policies contained identical other insurance or pro rata clauses which stated: "If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of the insurance covering the loss." The house was destroyed by fire when both policies were in effect. Strickland made claim against Federal for the loss and demand was made on Continental to contribute in payment of the loss. When Continental refused to contribute, Federal paid the loss in full and brought this suit against Continental for contribution. Both parties moved for summary judgment. The trial court granted Federal's motion for one-half the amount paid on the loss and denied Continental's motion. Continental appeals both rulings. *Held:*

Continental contends that Federal is not entitled to contribution because by paying more than its pro rata share it became a mere volunteer. Numerous authorities from other states are cited in support of this position.

This case is one of first impression in Georgia except for a federal district court case which is not binding on this court and which also arrived at an erroneous interpretation of Georgia law.

Appellee Federal correctly points out that the mere volunteer authorities are not the only law on the subject because more than a few states have rejected it and allowed contribution in factual circumstances similar to this case.

A comparison of the divergent lines of authority appears in 8 Appleman, Insurance Law and Practice 397, § 4913, where it is stated: "If an insurer voluntarily pays more than its share of a loss . . . it has been held to be unable to demand contribution. Thus, if a policy contains a coinsurance clause limiting the insurer's liability to its pro rata share of a loss, an insurer paying the full amount of the loss has been held in early cases to be a mere volunteer as to the excess, and not entitled to contribution from the insurer which denied liability. However, subrogation rights have been held enforceable. And an

insurer possessing such rights is not a volunteer in making payments in the first instance. To avoid complications, the old 'loan receipt' technique has even been used, leaving the insured free to sue the other insurer. The majority of cases now recognize the undesirability of rewarding the insurer which refuses to honor its contractual obligations, and hold that payment by an insurer which properly undertakes a burden of settlement or defense does not render it a volunteer, not entitled to recover."

A recent Arizona Court of Appeals case factually identical to this case, in authorizing contribution, stated: "The majority of cases now recognize it is undesirable to reward the insurer which refuses to honor its contractual obligations. These cases hold that an insurer which properly undertakes the burden of a full settlement is not a volunteer and does not lose the right to recover from other carriers who are obligated for the same loss. [Cits.]

"We believe it is sound public policy to encourage insurance companies to make a swift settlement of claims. It would also be against public policy to force an insured, who has coverage under more than one policy, to institute legal action to collect payment for the loss in a case where a dispute arises between insurance carriers over their respective liabilities under the policies." St. Paul Fire & Marine Ins. Co. v. Allstate Ins. Co., 25 Ariz. App. 309, 311 (543 P2d 147).

Although there are no cases factually identical in Georgia law, the question of contribution where one insurer has paid the full amount has previously been considered by this court. *Rutledge v. Dixie Auto. Ins. Co.,* 106 Ga. App. 577 (127 SE2d 683) involved two policies of automobile liability insurance covering the same risk, each with an identical pro rata or other insurance clause. Dixie Automobile Insurance denied coverage on a personal injury claim and refused payment. State Farm, the other insurer, defended the insured in litigation and paid the injured parties the full amount of their claims, advancing one-half of the settlement amount to the insured under a loan receipt agreement. The insured brought suit against Dixie for the amount State Farm had loaned him. Dixie contended that State Farm and the insured had voluntarily settled the claims and therefore

could not bring suit through the insured for contribution. In ruling that the suit could be brought, the court said: "Nor can the defendant under these circumstances contend that the settlement voluntarily made by the co-insurer and the plaintiff without its consent or authority vitiated its contractual obligations to the insured; for the defendant's alleged wrongful abdication of its status and responsibilities as an insurer by its denial of liability and contention that the policy of insurance with the insured was void, put the plaintiff and the co-insurer in the place of both co-insurers with the rights of both, including the right to settle claims against the insured without litigation. The defendant, therefore, having thrust sole responsibility upon the plaintiff insured and the co-insurer, cannot escape its obligations to reimburse the plaintiff on the ground that it was not a party to the settlement. To hold otherwise would permit a co-insurer which disavowed its liability and refused to perform its obligations to the insured to escape its duties without injury because of the performance of those duties by the insured in cooperation with the co-insurer." Id. at 580.

The foregoing case clearly places Georgia in the more recent line of authority which does not bar contribution from a co-insurer when there is a voluntary payment of the full claim, since it in effect allowed the insurer to collect contribution through the insured. Accordingly, the trial court did not err in granting summary judgment to appellee and denying it to appellant.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED FEBRUARY 14, 1980 — DECIDED MARCH 4, 1980 —

*Clayton H. Farnham, John R. Gaughen,* for appellant.

*Kevin S. King, Janet L. Haynes,* for appellee.