42019. FEDERATED MUTUAL INSURANCE COMPANY
v. NORTHLAND INSURANCE COMPANY.
(329 SE2d 493)

WELTNER, Justice.

Hawkins was killed and his wife was injured seriously when their vehicle collided with a truck operated by K & R Trucking Company. They were insured by Federated Mutual Insurance Company, and the trucking company was insured by Northland Insurance Company. Federated paid no-fault insurance benefits to Mrs. Hawkins and then submitted its subrogation claim to Northland. Northland settled Mrs. Hawkins' personal injury and wrongful death claims, and Federated's subrogation claim.

Almost three years later, Federated paid to Mrs. Hawkins additional sums for her claims, which it believed were required under *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983). It then demanded further subrogation from Northland in that amount. Upon Northland's refusal to pay Federated's second subrogation claim, the present action was filed, resulting in judgment for Northland, from which Federated appealed.

Northland contends that Federated was not required to pay the additional sums to Mrs. Hawkins, and, as a volunteer, is not entitled to subrogation. *Federal Land Bank of Columbia v. Barron,* 173 Ga. 242 (4) (160 SE 228) (1931).

The Hawkins' policy with Federated first was issued on March 14, 1973, and thereafter was renewed without interruption of coverage at intervals of six months. In February 1975, Federated sent a notice to its policyholders of record. The question under former OCGA § 33-34-5 (c) is whether there was a "proper mailing of an adequate document." *Stafford v. Allstate Ins. Co.,* 252 Ga. 38, 39 (311 SE2d 437) (1984). "Actual receipt is not required and . . . evidence of nonreceipt is not evidence of failure to mail." 252 Ga. at 39.

We have determined that the "proper mailing" and "adequate document" standards of *Stafford*, supra, were satisfied. Hence, Federated was under no legal obligation to make the additional payments to Mrs. Hawkins. It is not, therefore, entitled to subrogation against Northland. "Subrogation 'is never applied for the benefit of a mere volunteer who pays the debt of another without any assignment or agreement for subrogation, and who is under no legal obligation to make the payment, and is not compelled to do so for the preservation of any rights or property of his own.'" 173 Ga. at 242 (4).

Under this disposition of the case, it is not necessary to address the constitutional issue raised in the appeal. Accordingly, the judgment of the trial court denying Federated's second subrogation claim must be affirmed.

*Judgment affirmed. All the Justices concur, except Smith and Bell, JJ., who concur in the judgment only.*

DECIDED MAY 10, 1985 —
REHEARING DENIED JUNE 10, 1985.

*James S. Lanier, Jr.,* for appellant.
*Robert B. Hocutt,* for appellee.