**COTTON STATES MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**AUTO–OWNERS INSURANCE COMPANY, Defendant.**

**Civ. A. No. 86–35–ALB–AMER.**

United States District Court, M.D. Georgia, Albany-Americus Division.

May 26, 1987.

Margaret Witten, Edward G. Sullivan and Jon McPhail, Atlanta, Ga., for plaintiff.

William E. Cannon, Jr., Albany, Ga., for defendant.

FITZPATRICK, District Judge.

This case is before the court on cross-motions for summary judgment. The sole issue is whether plaintiff, Cotton States Mutual Insurance Company (Cotton States), is entitled to contribution from defendant, Auto-Owners Insurance Company (Auto-Owners).

On December 8, 1984, Ralph Wendell Benton contracted to purchase from Mary L. Spragen Stanfield, executrix for the estate of Verbon H. Stanfield, the property located at Route 1, Box 223, Coolidge, Georgia. The sales contract specifically required the purchaser, Ralph Wendell Benton to obtain a contract for insurance on the property. Pursuant to that requirement, Benton obtained contract for insurance number HF 23–143293 with Cotton States to protect his interest in the property. Ralph Wendell Benton was listed as the insured and Farmers and Merchants Bank of Thomas County and the Farmers Home Administration were listed as the mortgagees. In February, 1985 a change request was submitted that added Mary Stanfield as mortgagee on Benton's policy number HF 23–143293.

Under policy of insurance number 7844180305824A, Auto-Owners insured the interest of Verbon H. Stanfield as owner of the property at Route 1, Box 223, Coolidge, Georgia. The Auto-Owners policy had a policy limit of $41,600.00, and it ran from August 23, 1984 through August 23, 1985.

The contract for sale between Stanfield and Benton set the closing date as December 15, 1984. The contract specifically provided that if the premises were destroyed or substantially damaged before the contract was consummated, then the contract could be cancelled or consummated at the election of the purchaser. As fate would have it, fire destroyed the property located at Route 1, Box 223, Coolidge, Georgia, between the time of the execution of the contract for sale and the time scheduled for closing. After the fire, Benton elected to close on the real estate contract. Cotton States made payment in the amount of $1,500.00 to Ralph Wendell Benton for contents on April 11, 1985. Cotton States made payment to Benton and Mary Stanfield in the amount of $38,000.00 for damage to the structure on April 17, 1985.

The contract between Verbon H. Stanfield and Auto-Owners was in full force and effect at the time the loss occurred, but Stanfield made no claim against it. Auto-Owners did not pay anything to either the estate of Verbon H. Stanfield or Cotton States as a result of the loss to the property. Cotton States made demand on Auto-Owners for contribution on June 19, 1985 and Auto-Owners refused this request on July 18, 1985. Cotton States filed this suit on February 24, 1986, claiming that it is entitled to contribution from defendant. Plaintiff alleges that it paid the entire amount of the loss, which was more than its proportionate share in light of the existence of Auto-Owners' policy with Verbon H. Stanfield. The Cotton States policy contained a pro rata liability or other insurance clause that stated:

> This company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not.

Plaintiff argues that it is entitled to contribution under *Continental Insurance Company v. Federal Insurance Company*, 153 Ga.App. 712, 266 S.E.2d 351 (1980). In that case both insurance companies insured the same residence against fire loss in the same amount. Roberts had purchased the residence from Strickland. Federal Insurance Company's policy was with Strickland as the owner, and Continental Insurance Company's policy was with Roberts as the owner with Strickland listed as the mortgagee. *Id.* at 712–13, 266 S.E.2d at 351. The house was destroyed by fire when both policies were in effect. When Strickland made claim against Federal for the loss, Federal paid the claim in full and brought suit against Continental for contribution. Both policies contained identical other insurance or pro rata clauses that stated:

> "If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of the insurance covering the loss."

*Id.* at 713, 266 S.E.2d at 351–52.

The court in *Continental* held that Federal was entitled to contribution, and that by paying more than its pro rata share it did not become a mere volunteer. The court concluded that Georgia was "in the more recent line of authority which does not bar contribution from a co-insurer when there is a voluntary payment of the full claims...." *Id.* at 715, 266 S.E.2d at 353.

The court in *Continental* relied on *St. Paul Fire & Marine Insurance Co. v. Allstate Insurance Co.*, 25 Ariz.App. 309, 543 P.2d 147 (1976), which stated that "an insurer which properly undertakes the burden of a full settlement is not a volunteer and does not lose the right to recover from other carriers who are obligated for the same loss." *Id.* at 311, 543 P.2d at 150. In *St. Paul*, the seller of certain property was the insured under the Allstate policy and the loss payee under the St. Paul policy. Both policies contained a provision that:

> "This company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not."

*Id.* at 310, 543 P.2d at 148. Both insurance companies in *St. Paul* agreed that at the time the property was damaged by fire, each company had a valid policy in force that provided full coverage to the sellers for the loss sustained. *Id.* In that regard *St. Paul* is factually identical to *Continental*, 153 Ga.App. at 714, 266 S.E.2d at 352, in which the seller was the named insured under one policy and the mortgagee under another policy. *Id.* at 713, 266 S.E.2d at 351. In concluding that St. Paul was entitled to recover from Allstate the amount that it paid in excess of its pro rata share of liability, the court in *St. Paul* stated that "[i]t would be against public policy to force an insured *who has coverage under more*

*than one policy,* to institute legal action to collect payment for the loss in cases where a dispute arises between the insurance carriers over their respective liabilities under the policies." 25 Ariz.App. at 312, 543 P.2d at 150 (emphasis added).

In *Smith v. Travelers,* 32 Cal.App.3d 1010, 108 Cal.Rptr. 643 (1973), the court held that the insurance company was entitled to contribution when both insurers were co-insurers of the same risk. It is clear that whether or not an insured is entitled to contribution depends upon the risk that is being insured by each insurer. As stated in Appleman, *Insurance Law and Practice,* "the purpose of the law is to equalize the burden, whenever possible, between two carriers on any identical risk, both of whom have been compensated to carry the risk." 8A Appleman, *Insurance Law and Practice* § 4907.35, at 359.

The linchpin of plaintiff's argument for contribution is Stanfield's status as a mortgagee under the Cotton States policy. While Stanfield was listed as a mortgagee on the policy, she was not in fact in the position of a creditor at the time of the loss. The home was destroyed by fire before the closing. Thus, Stanfield was still the owner of the home when it was destroyed by fire, and Benton merely had contracted to purchase the home. After the fire, Benton elected under the sales contract to proceed with the closing, and he made a claim under his policy.

Benton and Stanfield had different insurable interests at the time of the fire. Before the fire, Benton had the opportunity to own a home for the sum of $42,000. To protect this interest he obtained insurance from Cotton States. Stanfield owned the home that was destroyed by fire. To protect her interest as owner she carried a policy of insurance with Auto-owners. In this case there were two insureds, two insurable interests, and two policies.

This case is similar to *American Insurance Co. v. Bateman,* 125 Ga.App. 189, 186 S.E.2d 547 (1971). In that case the Batemans had entered into a contract with Godwin to have him build a residence on property owned by the Batemans. Although the contract provided that the Batemans would owe nothing until the house was completed and accepted, they took out a policy of insurance with American Insurance Company (American) that insured the dwelling during and after construction for actual cash value. Godwin in turn took out a builder's risk policy with Insurance Company of North America. The structure was destroyed by fire while it was still uncompleted. American appealed from a summary judgment order that found both insureds liable to their respective insureds. *Id.* at 190, 186 S.E.2d at 548.

The court of appeals held that "[t]here is no rule of law that where various interest and various insurance policies are involved the total payment under all the policies must necessarily be equivalent to the market value of the property." *Id.* at 192, 186 S.E.2d at 549. The court stated that an owner may insure his interest in property under construction, and a contractor may insure himself against loss during the same period, and both policies will be payable. After the court determined that both Godwin and the Batemans had insurable interests in the property, the court stated that the policy itself determined the measure of damages. In *Bateman* the measure was "the actual cash value of the property at the time of loss." *Id.,* 186 S.E.2d at 550.

In the case *sub judice,* the parties do not dispute that Benton had an insurable interest under his policy of insurance and Stanfield had an insurable interest under her policy of insurance. Even though listed as a mortgagee, Stanfield did not have a mortgagee's interest under Benton's policy with Cotton States. In the absence of that interest, *Continental* is inapplicable and Cotton States may not claim contribution from Auto-Owners. This is not a case in which two carriers have been compensated to cover the same risk. *Cf.* 153 Ga.App. at 714, 266 S.E.2d at 352; Appleman, *supra,* § 4907.35, at 359. Stanfield did not have "coverage under more than one policy...." 25 Ariz.App. at 312, 543 P.2d at 150.

Accordingly, Cotton States' motion for summary judgment is DENIED, and Auto-

Owners motion for summary judgment is GRANTED.

SO ORDERED.