A92A0581. CITY OF ATLANTA v. ATLANTIC REALTY
COMPANY et al.
A92A0582. ATLANTIC REALTY COMPANY et al. v. CITY OF
ATLANTA et al.
(421 SE2d 113)

JOHNSON, Judge:

The City of Atlanta entered into a joint venture agreement with Atlantic Realty Company to improve the sidewalks and streets adjacent to the Hurt Building. The Hurt Building is owned by Atlantic.

The city agreed to oversee the project, retain a contractor, and ensure that the contractor procured and maintained public liability and property insurance covering the project. The city retained the R. A. Banks & Company, Inc., as the contractor for the project. In compliance with the joint venture agreement, the contract between the city and Banks required that Banks acquire public liability and property insurance policies naming Atlantic as an insured.

During the project, the interior of the building was damaged as a result of a ruptured steam valve. Atlantic brought suit in superior court against the city and Banks alleging that they failed to properly maintain an excavation pit allowing runoff rainwater to come in contact with an exposed steam pipe. The rainwater allegedly condensed the steam in the pipe creating what is referred to in the industry as a "water hammer." Ultimately, the water hammer caused a steam valve to rupture releasing steam into the interior of the building and causing substantial damage. Atlantic also contended that the city breached its contractual obligation requiring Banks to maintain in-

surance throughout the life of the project.

The city filed a cross-claim against Banks claiming indemnification pursuant to their contract. After a jury trial, a verdict was returned in favor of Atlantic and against the city alone. The city made motions for directed verdict, j.n.o.v., and for a new trial. The trial court denied the motions. Atlantic made a motion for j.n.o.v. against Banks and a motion for a new trial on the issue of damages. The trial court denied Atlantic's motions.

The city appeals from the judgment entered on the verdict and the denial of its motions for j.n.o.v. and a new trial. Atlantic cross-appeals from the court's denial of its motion for j.n.o.v. against Banks and from the court's denial of its motion for a new trial regarding damages.

*Case No. A92A0581*

1. The city contends that the trial court erred in denying the city's motions for directed verdict, j.n.o.v., and for a new trial because Atlantic failed to provide the city with the ante litem notice required under OCGA § 36-33-5. The city contends that the notice sent by Atlantic did not comply with the statute because it was sent to a city claims investigator, instead of the City Attorney or the Mayor. This enumeration is without merit.

Uncontroverted evidence appears in the record that Robert Gunderson, a claims adjuster for Atlantic, contacted Henry Murff, the Assistant City Attorney in charge of the claims division for the city, regarding the building damage. Murff told Gunderson to send the ante litem notice to him at his office address and Gunderson complied with Murff's request. Consequently, we find that the city has waived its claim that the subject ante litem notice did not comply with OCGA § 36-33-5 because it was sent to a city claims investigator, rather than the City Attorney or the Mayor.

Even if the city had not waived its contention that the ante litem notice sent by Gunderson did not comply with the statute, we find that the subject notice substantially complied with OCGA § 36-33-5 and was therefore sufficient. OCGA § 36-33-5 (b) provides, "Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment."

It is well-settled that substantial compliance satisfies the requirements of OCGA § 36-33-5. *Jones v. City of Austell*, 166 Ga. App. 808, 809 (305 SE2d 653) (1983). This Court recently ruled that there is "no requirement in the notice statute that ante litem notice must be presented in the same manner as service of process." *Burton v. DeKalb County*, 202 Ga. App. 676, 678 (415 SE2d 647) (1992). The court further noted that "ante litem notice is sufficient if presented to the city attorney *or any department* or official of the municipal government." (Emphasis supplied.) Id. We find that the city was provided with sufficient notice of Atlantic's claim in that the letter sent from Atlantic substantially complied with OCGA § 36-33-5 (b) and was sent to the department of the claims investigator of the municipal government as directed by the Assistant City Attorney.

2. The city contends that the trial court erred in failing to find that the city was immune from liability because it was performing a governmental rather than a ministerial function.

The doctrine of sovereign immunity is available to a municipality against claims based on negligence. The defense is not applicable to claims against a municipality which are contractual in nature. See generally *National Distrib. Co. v. Dept. of Transp.*, 157 Ga. App. 789, 792 (278 SE2d 648) (1981). In the instant case, Atlantic sought to recover from the city and Banks under both negligence and breach of contract theories. Because the jury returned a general verdict, it is unclear upon which theory the verdict was based. Even assuming, arguendo, that the verdict in this case was based upon the negligence theory, we nonetheless find that the defense of sovereign immunity was not available to the city given the facts in this case.

OCGA § 36-33-1 (b) provides that municipalities "shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable."

A municipality's function of maintaining its streets and sidewalks in a safe condition has been held to be ministerial in nature. See *City of Macon v. Harrison*, 98 Ga. App. 769, 771 (106 SE2d 833) (1958); see also *Mayor &c. of Savannah v. Johns*, 87 Ga. App. 719, 723 (75 SE2d 342) (1953). The record indicates that the city and Banks were in the process of improving the street and sidewalk area through reconstruction. The minutes of their initial coordination meeting on April 25, 1984, establish an agreement between Atlantic and the city that "the City would let the construction contract and manage same. . . ." (Emphasis supplied.) The city's management of the project included hiring the contractor, Banks, and placing the city's on-site construction inspector on the property to actively oversee the construction work on a daily basis. Consequently, we find that the city was performing a ministerial function in improving the streets

and sidewalks. Therefore, the defense of sovereign immunity was not available to the city.

3. The city contends that Atlantic made an improper third party beneficiary argument to the jury. The city asserts that Atlantic argued to the jury that the city, rather than Banks, was liable for breaching the contract between the city and Banks. Atlantic disputes this claim.

"When an appellant seeks to prove error in the trial proceedings, the burden is on him to produce a transcript of the allegedly erroneous matter." (Punctuation and citations omitted.) *Powell v. State*, 198 Ga. App. 509, 512 (402 SE2d 108) (1991). Although a transcript of the trial was included in the record, the parties' closing arguments were not included in the transcript. Therefore, there is nothing before us to review.

4. The city contends that the trial court erred in failing to find that any liability found against the city should be shared by Atlantic because they were joint venturers.

A joint venturer may sue another joint venturer for breach of contract. *King v. Fryer*, 107 Ga. App. 715, 716 (131 SE2d 203) (1963). "A member of a joint venture owes the duty to the other members of the venture to cooperate with them and to exercise reasonable care and skill to effectuate the purposes for which all have joined, and the duty not to disrupt or abandon the venture for the purpose of obtaining benefits for himself and not to do any act which obstructs the carrying on of its business to a successful conclusion; *and he can become liable to his associates for the damages sustained by them through breach of the contract.*" (Emphasis supplied.) Id. Accordingly, the trial court did not err in finding that Atlantic was not jointly liable for the claim arising out of the breach of the joint venture agreement which required that the city ensure that Banks maintain its insurance.

5. In its final enumeration of error, the city contends that the trial court erred in failing to find that Atlantic failed to prove damages as required by law.

The measure of damages for injury to a building is the cost of restoring the building to its original condition. *Getz Svcs. v. Perloe*, 173 Ga. App. 532, 535 (327 SE2d 761) (1985). Atlantic produced evidence at trial of the cost to repair the damage done to the equipment affixed to the building through various receipts and testimony of witnesses. We find, as the trial court did, that Atlantic's damages were correctly proven as required by law.

*Case No. A92A0582*

1. Atlantic contends that the trial court erred in failing to allow it

to present a videotape to the jury as a demonstrative aid to show the jurors how damage occurred in the building and to show the uncommon nature of the damaged equipment.

The admissibility of evidence rests largely within the sound discretion of the trial court. *American Aluminum Prods. Co. v. Binswanger Glass Co.*, 194 Ga. App. 703, 709 (391 SE2d 688) (1990). "It is the duty of the party asserting error to show it by the record, and assertions of evidence in briefs cannot satisfy this duty." (Punctuation and citations omitted.) *Denny v. Nutt*, 189 Ga. App. 387, 389 (375 SE2d 878) (1988). Since the subject videotape is not included in the record for our review, we cannot determine whether the trial court abused its discretion in disallowing the videotape to be shown to the jury. Therefore, there is no question before this court for consideration.

2. Atlantic contends that the trial court erred in admitting evidence regarding payments Atlantic received from its insurers. Atlantic asserts that this evidence of insurance indemnification resulted in an inadequate award of damages from the jury.

Prior to July 1, 1987, evidence of collateral sources was inadmissible in Georgia. Subsequently, OCGA § 51-12-1 (b) was enacted allowing evidence of collateral sources to be admitted at trial. However, the statute was to be given prospective effect only and therefore did not apply where the cause of action arose prior to July 1, 1987, the effective date of the statute, even where the case was tried after the statute's effective date. *Polito v. Holland*, 258 Ga. 54 (365 SE2d 273) (1988). In the instant case, evidence of the insurance indemnification provided to Atlantic was inadmissible because the cause of action arose on August 17, 1985, almost two years prior to the effective date of OCGA § 51-12-1 (b).[1] Accordingly, the trial court erred by admitting evidence of insurance monies provided Atlantic by its private insurance carriers, and in denying Atlantic's motion for a new trial on that ground. The liability of the city having been affirmed in Case No. A92A0581 above, we reverse and remand to the trial court for a new trial on the issue of damages. See generally *Cassidy v. Wilson*, 196 Ga. App. 6, 9 (395 SE2d 291) (1990).

3. Atlantic contends that the trial court erred in denying its motion for j.n.o.v. against Banks on the breach of contract claim.

In paragraph 16 of a section of the construction contract entitled

---

[1] The Supreme Court of Georgia declared OCGA § 51-12-1 (b) unconstitutional in *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269) (1991) thereby returning Georgia to the rule that collateral source evidence is not admissible at trial. However, see *Grissom v. Gleason*, 262 Ga. 374 (418 SE2d 27) (1992), which disapproves of the equal protection analysis in *Denton*, supra, and may suggest that the Court, if given another opportunity to specifically address the collateral source issue, would reach the opposite result.

"Special Conditions," Atlantic was named as an insured on all property damage insurance policies required by the contract, as noted. As a result of its being named as an insured in the contract, Atlantic contends that it is a third party beneficiary. We agree.

"The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract." OCGA § 9-2-20 (b). A third party has standing to enforce a contract under OCGA § 9-2-20, if it clearly appears from the contract that it was intended for his benefit; the mere fact that he would benefit from performance of the contract is insufficient. *Backus v. Chilivis*, 236 Ga. 500, 502 (224 SE2d 370) (1976).

It is clear on the face of the contract that the city and Banks intended Atlantic to be the beneficiary of property insurance coverage by their inclusion of paragraph 16 as a condition of the contract. It appearing that Atlantic is an intended third party beneficiary to that paragraph 16 of the construction contract, Atlantic has the requisite standing to sue Banks, the promisor of that provision, for any breach of that provision, pursuant to OCGA § 9-2-20 (b).

At the trial of this case, Banks' owner, R. A. Banks admitted that Banks was required, under the terms of the construction contract with the city, to acquire and maintain property damage insurance protecting Atlantic from any property losses resulting from work done on the project. He further admitted that he allowed the policy to lapse and, as a result of the lapse, Banks did not have the property insurance coverage in effect for Atlantic on August 17, 1985, the date of the subject occurrence.

A motion for judgment notwithstanding the verdict can be sustained where there is no conflict in the evidence regarding any material issue, and the evidence introduced shall demand a particular verdict. *Wick v. Barnes*, 187 Ga. App. 854, 856 (371 SE2d 443) (1988). As there is no conflict in the evidence regarding Banks' breach of the contract with the city, Atlantic, as an intended third party beneficiary, has standing to sue Banks for breach of the subject provision. Therefore, Atlantic is entitled to j.n.o.v. against Banks on the breach of contract claim. Accordingly, the trial court erred in denying Atlantic's motion for j.n.o.v. as to this issue and we therefore reverse. Banks' liability having been determined, the new trial on the issue of damages shall include Banks as a named defendant in addition to the city.

*Judgment in Case No. A92A0581 is affirmed; judgment in Case No. A92A0582 is affirmed in part and reversed in part. Carley, P. J., and Pope, J., concur.*

DECIDED JULY 13, 1992.

*Jo Avery Crowder, Michael V. Coleman, David D. Blum, Marva Jones Brooks, Robin S. Phillips,* for City of Atlanta.

*McPhail & Marmur, Jon B. McPhail,* for Atlantic Realty & Great American Insurance Co.

R. A. Banks & Company, *pro se.*