A94A1895. ALLIANZ INSURANCE COMPANY v. STATE FARM
FIRE & CASUALTY COMPANY.
(449 SE2d 5)

BLACKBURN, Judge.

Allianz Insurance Company ("Allianz") appeals the trial court's order which granted defendant State Farm Fire & Casualty Company's ("State Farm") motion for summary judgment and denied Allianz' motion for partial summary judgment. In the underlying action Allianz sought to subrogate the amount it paid to its insured as excess insurer against State Farm, the primary insurance carrier.

The undisputed facts establish that Robert G. Weinstein leased an automobile from Mercedes-Benz Credit Corporation ("MBCC"). Weinstein obtained an automobile insurance policy from State Farm which covered Weinstein and the subject automobile. The State Farm policy listed MBCC as an additional insured. MBCC obtained an additional insurance policy to protect its interests from Allianz.

The covered vehicle was reported as stolen on December 19, 1991, and Weinstein's insurance claim with State Farm was denied on June 17, 1992. State Farm contends that no loss, as defined by the policy, occurred because its investigation revealed that Weinstein conspired to or caused the damage to the vehicle. MBCC informed State Farm of its right to have its interest protected under the State Farm policy as MBCC was listed as both loss payee and additional insured under such policy. State Farm disagreed with MBCC's "conclusions." By check dated August 14, 1992, Allianz paid MBCC $109,312.24 pursuant to its insurance contract with MBCC. Thereafter, Allianz filed this action for subrogation.

Allianz contends the trial court erred in finding the payment to

MBCC was voluntary. We agree with the trial court. In *Federated Mut. Ins, Co. v. Northland Ins. Co.*, 254 Ga. 402, 403 (329 SE2d 493) (1985), the Georgia Supreme Court determined that Federated was not legally obligated to make the additional payment it made to its insured; therefore, Federated was not entitled to subrogation against the tortfeasor's insurance company. The Court held that "[s]ubrogation is never applied for the benefit of a mere volunteer who pays the debt of another without any assignment or agreement for subrogation, and who is under no legal obligation to make the payment, and is not compelled to do so for the preservation of any rights or property of [its] own." Id. See also *Nationwide Mut. Ins. Co. v. Kershaw Mfg. Co.*, 198 Ga. App. 153 (2) (401 SE2d 23) (1990); and *Transport Ins. Co. v. Maryland Cas. Co.*, 187 Ga. App. 361 (3) (370 SE2d 188) (1988).

In the present case, it cannot be disputed that the State Farm policy provided the primary coverage on the vehicle and the Allianz policy provided excess coverage only as to the lessor, MBCC. Fatal to Allianz' argument that it was not a volunteer, its policy contained an exclusion which provided: "[w]e will not pay the 'loss' if the lessee's insurance company fails to pay the actual cash value of the 'leased auto.'" Yet, Allianz paid MBCC despite State Farm's failure to pay the actual cash value of the leased vehicle.

Allianz' reliance on *Rutledge v. Dixie Auto. Ins. Co.*, 106 Ga. App. 577 (127 SE2d 683) (1962) and *Continental Ins. Co. v. Federal Ins. Co.*, 153 Ga. App. 712 (266 SE2d 351) (1980) is misplaced. In *Rutledge*, supra, the insured sued his insurance company to recover damages he allegedly sustained as a result of the insurance company's failure to fulfill its obligations under the insurance contract. We specifically stated, "[t]his [is] not a suit by the co-insurer to recover contribution from the defendant." Id. at 580. The insured, in *Rutledge*, had obtained two insurance policies, both of which applied to a collision involving the insured. Id. at 578. In his complaint, the insured alleged that by the terms of the insurance policies, both insurers were to participate on a pro rata basis on any covered losses. We held that the insured was entitled to seek reimbursement from one insurer for the amount of settlement and attorney fees the insured was obligated to pay under a loan agreement with his other insurer. Id. at 581. In the present case, by the terms of its own policy, Allianz was under no obligation to pay MBCC's claim. In *Rutledge*, we were not presented with this issue, nor did we address it.

In *Continental*, supra, two insurance companies insured the same residence against fire loss in the same amount. Both insurance policies contained identical other insurance or pro rata clauses. When one insurance company refused to pay the loss, the other paid it in full, and brought an action against the co-insurer for contribution. Id. at

713. The defendant insurance company contended that the plaintiff insurance company was a mere volunteer for paying more than its pro rata share. Id. Our analysis of this factual situation was dependent on both insurers being *obligated* for the same loss. Id. at 714. Nothing in *Continental* reveals that the plaintiff insurer was not obligated to pay any portion of the loss. Such is the issue in the case now before us, which was addressed by neither *Rutledge,* nor *Continental.*

State Farm's motion for summary judgment was properly granted.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 16, 1994.

*Neeley & Player, Richard B. North, Jr., Carolyn E. Wright,* for appellant.

*Greer, Klosik & Daugherty, Frank J. Klosik, Jr., H. Clifton Cobb, Robert J. McCune,* for appellee.