**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 14, 2018**

# In the Court of Appeals of Georgia

A18A0301. SOUTHERN TRUST INSURANCE COMPANY v.
     CRAVEY et al.

BETHEL, Judge.

The primary question this Court must answer in this case is whether a valid and enforceable insurance contract was created between Southern Trust Insurance Company (Southern Trust) and Ronald E. Cravey. Cravey and Auto-Owners Insurance Company (Auto-Owners), who seek to benefit from the existence of such a contract, argue that a valid contract does exist. Southern Trust, which disputes the existence of a valid and enforceable insurance contract, argues that it does not, that Auto-Owners therefore cannot bring a subrogation claim against it, and that the trial court's summary judgment order should be reversed accordingly. Southern Trust further argues that the trial court should have considered deposition testimony from

another case in deciding the motions for summary judgment. We find that Southern Trust's arguments lack merit for the reasons set forth below, and we affirm.

At the outset, we note that insurance in Georgia is a matter of contract, and this Court has long held that such contract disputes are "well suited for adjudication by summary judgment because construction of a contract is ordinarily a matter of law for the court." *Maxum Indem. Co. v. Jimenez*, 318 Ga. App. 669, 669 (734 SE2d 499) (2012) (citation omitted). Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

The record shows that the underlying suit involved a house fire on a property located in Helena, Georgia. The property was Cravey's primary residence until approximately 2011. On February 9, 2013, Cravey entered into a rent-to-own contract with Kim Clark and Jay Floyd, wherein Cravey agreed to transfer ownership of the property to Clark and Floyd upon receipt of $92,500.00. Cravey maintained insurance coverage for the house with Auto-Owners up to a limit of $104,000. However, Cravey told Clark and Floyd that they would have to obtain renter's insurance.

Clark did not obtain renter's insurance, but instead sought to obtain an additional homeowner's policy. On March 21, 2013, Southern Trust issued an insurance policy to Clark, covering the house up to a total limit of $175,000. The policy listed Cravey as an additional insured, noting his interest to be: "Insured is purchasing home from Eddie Cravey." Cravey did not ask Clark to obtain this policy on his behalf, and he did not know initially that Clark had obtained it or that he had been listed as an additional insured.

On June 15, 2013, a fire destroyed the house and its contents. Cravey submitted a proof of loss to Auto-Owners, which paid for the loss. Cravey did not submit a claim to Southern Trust.

Southern Trust claimed that the insurance policy had been cancelled as of May 20, 2013, and that notice had been provided to Clark. However, Southern Trust conceded that Cravey, as an additional insured, had not been "properly notified of the cancellation" and that the cancellation therefore did not apply to him. However, Southern Trust indicated that recovery of any benefits from the policy would be secondary to the policy Cravey maintained with Auto-Owners. Finally, Southern Trust noted that Cravey's policy with Auto-Owners appeared to fully indemnify him for the loss. Southern Trust later disclaimed that Cravey was entitled to any benefits

under the policy, asserting that Clark had made misrepresentations in securing coverage and no valid policy existed.

Auto-Owners, as a subrogee of Cravey, demanded that Southern Trust pay its share of the claim pursuant to OCGA § 33-4-6. Southern Trust refused. Auto-Owners then brought suit against Southern Trust to recover these amounts, and the parties filed cross-motions for summary judgment. Following a hearing,[1] the trial court granted Auto-Owners' and Cravey's motion for summary judgment, but denied Southern Trust's motion. The trial court found that Southern Trust had failed to cancel the policy as to Cravey, who was a third party additional insured. Thus, the trial court ruled that the policy remained valid and enforceable as it relates to Cravey. This appeal followed.

1. Southern Trust first argues that the trial court erred in finding a valid insurance policy with respect to Cravey because Clark did not have actual or apparent authority to procure the policy on his behalf, Cravey never ratified the policy, and Cravey could not have been a third party beneficiary to the insurance contract. In response, Auto-Owners argues that the trial court correctly found Cravey to be a

---

[1] The transcript of the hearing is not part of the record before this Court.

third-party beneficiary to the insurance contract between Southern Trust and Clark. We agree with Auto-Owners.

"The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract." OCGA § 9-2-20 (b). "A third party has standing to enforce a contract under OCGA § 9-2-20 if it clearly appears from the contract that it was intended for his benefit; the mere fact that he would benefit from performance of the contract is insufficient." *City of Atlanta v. Atlantic Realty Co.*, 205 Ga. App. 1, 6 (3) (421 SE2d 113) (1992) (citation omitted). "A contract is intended to benefit a third party when the promisor engages to the promisee to render some performance to a third person." *Scott v. Mamari Corp.*, 242 Ga. App. 455, 457 (1) (530 SE2d 208) (2000) (citation omitted).

Here, Cravey is specifically named on an endorsement as an additional insured on the Southern Trust policy. That endorsement extends the definition of "insured" to include Cravey with respect to the applicable coverage provisions. Thus, the contract was clearly intended, on its face, to benefit Cravey. *See, e.g.*, *City of Atlanta*, 205 Ga. App. at 5-6 (3) (party intended to be named as an insured on insurance policies required by the applicable contract is a third party beneficiary). *See also Hicks v. Continental Ins. Co.*, 146 Ga. App. 124, 125 (245 SE2d 482) (1978) (party

5

entitled to be an insured or additional insured under an automobile policy is a third-party beneficiary). It is irrelevant whether Clark had actual or apparent authority to procure the policy on Cravey's behalf or whether Cravey ratified the policy [2]. Cravey was still a third-party beneficiary to the Southern Trust insurance contract under the terms of the endorsement. The trial court did not err in denying Southern Trust summary judgment on these grounds.

2. Southern Trust next argues that Auto-Owners was not entitled to subrogation. More specifically, Southern Trust argues that it would be inequitable to permit subrogation under the facts of this case because Cravey did not know of the policy, did not request or authorize the policy, and did not pursue coverage under the policy when he discovered its existence.

The doctrine of contribution "between co-insurers is based upon the ground that where several policies in different offices insure the same party upon the same subject-matter against the same risk, as there can be but one loss and one indemnity, the several offices, as between themselves, must contribute proportionably to the loss, though each is liable to the insured for the entire loss, unless there is a special

_____

[2] To the extent Southern Trust argues that Clark must have had actual or apparent authority to make Cravey a third party beneficiary to the insurance contract, we find no support for this assertion.

6

agreement that each shall be liable only for its proportional part." *Fireman's Fund Ins. Co. v. Pekor*, 106 Ga. 1 (2) (31 SE 779) (1898) (citation omitted). *See also* Couch on Insurance § 218:3 (3d ed. 2017) ("In the context of multiple concurrent insurance, contribution is only appropriate where the policies insure the same entities, the same interests in the same property, and the same risks"). Thus, we must look to the language of the applicable policies to determine the nature of the risks assumed by each respective insurer.

Here, as stated in Division 1 above, Cravey is a third-party beneficiary to the Southern Trust insurance policy, and Auto-Owners made a claim for coverage on his behalf. Further, both the Southern Trust and Auto-Owners policies insure the same residence against the loss sustained here, though in differing amounts, and list Cravey as an insured. Moreover, the policies contain similar "Other Insurance" clauses, both of which express a preference for contribution on a pro rata basis. The Auto-Owners policy provides, in pertinent part, that:

> If both this and other insurance apply to a loss, we will pay our share. Our share will be the ration of this insurance to the total amount of all insurance which applies.

Similarly, the Southern Trust policy provides, in pertinent part, that:

7

Other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss[.] Auto-Owners is therefore entitled to bring a subrogation claim seeking pro rata contribution for Cravey's loss against Southern Trust. *See Continental Ins. Co. v. Federal Ins. Co.*, 153 Ga. App. 712, 714 (266 SE2d 351) (1980). The trial court did not err on these grounds with respect to its ruling on the respective parties' motions for summary judgment.

3. Finally, Southern Trust argues that the trial court erred by not considering Clark's deposition testimony in another case, and relatedly, in denying its request to include that deposition in the record for appeal. We disagree.

Depositions relied on in support of a motion for summary judgment must be filed 30 days prior to the hearing. *See Gunter v. Hamilton Bank of Upper East Tenn.*, 201 Ga. App. 379, 381 (411 SE2d 115) (1991); *see also* OCGA §§ 9-11-6 (d); 9-11-56 (c). The trial court noted in its order that Southern Trust failed to meet this requirement and that the deposition was never formally introduced into evidence. *See Kaplan v. Krosco, Inc.,* 167 Ga. App. 197, 197 (1) (306 SE2d 88) (1983) ("In the trial of a case in the superior court the court can no more take judicial notice of the record in another case in the same court, without its formal introduction into evidence, than if it were a record in another court" (citations omitted)). Finally, as the trial court

8

indicated in its order that because it did not consider the deposition in deciding the motions for summary judgment, inclusion of the deposition on appeal would be unnecessary and improper. We find no error here.

*Judgment affirmed. Ellington, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*